# Commonwealth to use *v.* Magee, Appellant (No. 2).

*Executors and administrators—Bond of administrator—Principal and surety—Affidavit of defense by surety.*

1. The same degree of particularity in an affidavit of defense is not required of a surety who sets up  payment by the principal debtor as would be required of the principal.

2. In an action upon an administrator's bond brought sixteen years after the audit, an affidavit of defense by the surety is sufficient in which he avers that he is informed, believes, and expects to be able to prove that the claim for which suit was brought had been paid in full by the administrator, but that he "cannot state the time, place and manner of said settlement at this time, for the reason that the same was secretly done by and between" the administrator and the plaintiff.

Argued Jan. 14, 1909.   Appeal, No. 294, Jan. T. 1908, by defendants, from order of C. P. No. 1, Phila. Co., June T., 1902, No. 4,508, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth to use of Charles Beckingham v. James E. Magee and Robert J. Barr. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Reversed.

Assumpsit upon bond of administrator.

Rule for judgment for want of a sufficient affidavit of defense.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.   Defendants appealed.

*Error assigned* was the order of the court.

*William Brown, Jr.*, with him *Charles L. Brown* and *Alex. Simpson, Jr.*, for appellants, cited as to the sufficiency of the affidavit of defense: Langfeld v. Lyon, 132 Pa. 441; Steltzer v. Steltzer, 10 Pa. Superior Ct. 310.

*Trevor T. Matthews*, for appellee.—The affidavit of defense was not sufficient: Orr v. Diaper, L. R. 4 Ch. Div. 92; Thistle v. Lippincott, 14 W. N. C. 139; Peebles v. Boggs, 1 Phila. 151; Singer v. Caldwell, 7 Pa. Dist. Rep. 583; B. & L. Assn. v. Dunlap, 20 Lancaster, 59; Felleman v. Cassler, 198 Pa. 407; McCracken v. First Reformed Presbyterian Congregation, 111 Pa. 106; Andrews v. Packing Co., 206 Pa. 370; McGuire v. Conway, 10 Pa. C. C. Rep. 298; Langfeld v. Lyon, 132 Pa. 441; Close v. Hancock, 3 Pa. Superior Ct. 207.

OPINION BY MR. JUSTICE FELL, March 22, 1909:

This appeal is from an order making absolute a rule for judgment against the surety on the bond of an administrator, for want of a sufficient affidavit of defense.   It appears from the statement of claim that the bond was given in May, 1891, on the return of the order of sale of real estate.   The administrator's account was audited and confirmed nisi in May, 1892.

Exceptions filed by the heirs to the allowance of the claim of the use plaintiff, a creditor, were dismissed in October, 1902. In October, 1905, on bill of review the adjudication was amended so as to show that the award to the plaintiff was payable out of the proceeds of the sale of the real estate sold for the payment of the debts of the decedent. This action against the surety on the bond was commenced in May, 1908, sixteen years after the audit of the account of the administrator.

The affidavit of defense contains the following averment: "This deponent says that he has been informed, believes and expects to be able to prove on the trial of this case that before commencement of this suit the said James E. Magee, administrator and co-defendant with this deponent and principal debtor, made a full settlement with the said use plaintiff, Charles Beckingham, of the amount of said claim and released the said James E. Magee from all other and further claim regarding said debt, whereby said deponent has been and is released of and from all claims upon the bond sued upon in this suit. And that this suit is being prosecuted by the use plaintiff to recover a second time for the same debt. Deponent cannot state the time, place and manner of said settlement at this time, for the reason that the same was secretly done by and between said James E. Magee and use plaintiff only. All of which facts deponent is informed, believes and expects to be able to prove upon a trial of this case." This averment by a principal debtor, whose duty it is to pay and who knows what he has done or caused to be done, would be insufficient to prevent judgment. It would be incumbent upon him to state the time and manner of payment and by whom made. The facts being within his own knowledge, he would be bound to set them out with such certainty and particularity that the court might determine whether the payment alleged to have been made was a discharge in fact or in law from facts disclosed. But the same degree of particularity is not to be required of a defendant who is under no duty to pay in the first instance and whose liability is only secondary, who sets up payment by the principal debtor. All that may be required of him is that his averments are as explicit

and specific as the nature of the circumstances reasonably admits. In the affidavit in this case the defendant avers that he is informed, believes and expects to be able to prove that the claim for which suit is brought has been paid in full by the administrator, and states an adequate reason for not being able to state the time, place and manner of settlement. This positive and distinct averment, in view of the peculiar facts of the case, the long delay in perfecting the record of the orphans' court and in bringing this action, was, we think, sufficient to entitle the defendant to a trial.

The assignment of error to the order making the rule for judgment absolute is sustained, and the record is remitted for further proceedings.