## Showell v. Barr, Appellant.

*Promissory notes—Affidavit of defense—Failure of consideration.*

1. In an action upon promissory notes where the plaintiff is the indorsee of the payee and took the notes after maturity, and the statement does not aver that the plaintiff is a holder in good faith and for value, and that at the time the notes were negotiated he had no notice of any infirmity in the instrument, an affidavit of defense is sufficient which avers failure of consideration caused by certain acts of the payee in violation of his express agreement inducing the execution of the notes, and that the notes were "put into the hands of plaintiff under a collusive arrangement to assist the payee in collecting them contrary to the defendant's rights."

*Promissory notes—Patent rights—Corporations—Act of April 12, 1872, P. L. 60.*

2. Promissory notes given in payment for the stock of a corporation to which the payee of the notes has assigned patent rights, are not within the contemplation of the Act of April 12, 1872, P. L. 60.

Argued March 21, 1910. Appeal, No. 379, Jan. T., 1910, by defendant, from order of C. P. No. 1, Phila. Co., Sept. T., 1909, No. 2,452, making absolute rule for

judgment for want of a sufficient affidavit of defense in case of E. B. Showell et al., trading as Showell, Fryer & Company, v. J. H. C. Barr. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Assumpsit on promissory notes.

The notes in suit were two collateral promissory notes each for $1,250. The plaintiffs were the indorsees of the payee. The defendant was the maker.

In addition to the facts set forth in the opinion of the Supreme Court it appeared from the affidavit of defense that the notes in suit were given in payment for the stock of a corporation to which Harry F. Hall, the payee, had assigned certain patents. The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*C. Oscar Beasley,* for appellant.—Agreements and conditions made at the time a note is delivered, which agreements and conditions are violated by the payee, should cause the case to go to a jury: Growler Copper Co. v. Teti, 221 Pa. 36.

The notes in suit are not recoverable on by plaintiffs, because they have not the words "Given for a Patent Right" written across their face as required by the Act of April 12, 1872, P. L. 60: Northern Securities Co. v. U. S., 193 U. S. 197 (24 Sup. Ct. Repr. 436); Hunter v. Henninger, 93 Pa. 375; Horstmann v. Zimmerman, 4 Atl. Repr. 171; Kinney v. Citizens' B. & L. Assn., 37 Pa. Superior Ct. 425.

*Bernard F. Owens,* with him *Joseph Levy,* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, April 18, 1910:

This is an action of assumpsit brought by the holder against the maker to recover the debt and interest al-

leged to be due on two promissory notes. The learned court below entered judgment for want of a sufficient affidavit of defense, and the defendant has taken this appeal.

We do not think this is a case for summary judgment. The plaintiff is the indorsee of the payee and took the notes after maturity. The statement does not aver that the plaintiff is a holder in good faith and for value, and that at the time the notes were negotiated he had no notice of any infirmity in the instrument. The affidavit of defense avers failure of consideration, caused by certain acts and conduct of the payee in violation of his express agreement inducing the execution of the notes. The defendant further avers that after the maturity of the notes in suit they were "put into the hands of plaintiffs under a collusive arrangement to assist said Hall (payee) in collecting said notes contrary to the defendant's rights." While the affidavit certainly lacks clearness and conciseness, we think, under the pleadings, it is sufficient to send the case to a jury so that the issue may be determined after a full development of all the facts. The notes were not given for a patent right within contemplation of the Act of April 12, 1872, P. L. 60, and the averment in the affidavit in reference thereto is without merit as a defense.

The judgment is reversed with a procedendo.