EXCHANGE MUT. FIRE INS. CO. v. WARSAW-WILKINSON CO.

(Circuit Court of Appeals, Third Circuit. September 12, 1910.)

INSURANCE (§ 173*)—CONSTRUCTION OF POLICY—AMOUNT OF INSURANCE.

A fire insurance policy issued by a mutual company on deposit by the insured of a sum by way of premium to be subject to assessments contained the following provision: "If the deposit made by the insured at the time this policy is issued should be less than the premium which would be payable on the property hereby insured for the amount of insurance above named, at the rate charged by the majority of the stock companies engaged in fire insurance business in the locality in which this risk is situated, then it is understood and agreed that the amount of insurance contracted for herein and all claims for losses hereon shall be reduced pro rata on the several and separate items thereof." *Held*, that the purpose of the provision was to put the insurance on a stock company basis; the criterion being the average rate which would be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charged by such companies "on the property hereby insured" and was to be determined by taking the stock company rate there in vogue on the same kind of property and not the average on all classes without regard to the nature of the risk.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 173.*]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Action by the Warsaw-Wilkinson Company against the Exchange Mutual Fire Insurance Company. Judgment for plaintiff for want of a sufficient affidavit of defense, and defendant brings error. Reversed.

H. B. Gill, for plaintiff in error.

R. M. Schick, for defendant in error.

Before BUFFINGTON, Circuit Judge, and ARCHBALD and CROSS, District Judges.

ARCHBALD, District Judge. This was an action on a fire insurance policy for $7,500. The value of the property insured was $33,000, and the loss was $12,000, distributed in various amounts over the building and its contents; the total insurance being some $19,800, and the defendant's share, on the basis that the policy held good for the face of it, being $2,505.58, for which amount suit was brought. The defendant disputes its liability for this amount, and contends that it is only liable for $1,721.72; there being a clause in the policy by which the amount for which it was written was to be reduced under certain circumstances, which clause it is claimed is operative here, and reduces the policy to $5,158, instead of $7,500, with a corresponding reduction in the amount due on it. The company is a mutual company, and the insurance was effected by the deposit of $102.73, by way of premium, and the agreement on the part of the insured to pay such charges as might be levied by the directors against it. And the clause having evidently been inserted in the policy for the protection of the company against too low a rate, the question here is the construction to be given to it, and whether a case is made out within it.

The clause of the policy reads as follows:

"If the deposit made by the insured at the time this policy is issued should be less than the premium which would be payable on the property hereby insured for the amount of insurance above named, at the rate charged by the majority of the stock companies engaged in fire insurance business in the locality in which this risk is situated, then it is understood and agreed that the amount of insurance contracted for herein and all claims for losses hereon shall be reduced pro rata on the several and separate items thereof."

The defendant filed an affidavit of defense, which embodied its contentions and tendered judgment for $1,721.72. But the plaintiff, not satisfied with that, and conceiving that no defense was shown to the whole amount claimed, took a rule for judgment for want of a sufficient affidavit of defense, which the court made absolute; the views entertained with regard to it being expressed as follows:

"The plaintiff contends that the word 'charged,' used in the provision of the policy above set forth, should be construed to have reference only to rates charged by stock companies in insuring the same property as that covered

by the policy sued on. Indeed, the plaintiff goes further and insists that, unless the plaintiff's property was actually insured by a majority of the stock companies engaged in fire insurance business in Warsaw, the place where the plaintiff's property was located, the quoted provision of the policy is wholly inapplicable to the present case. But I think the fair meaning of the language is that if $102.73 was, when the plaintiff's policy was issued, less than the premium then charged by the majority of stock companies then engaged in fire insurance business in the locality where the plaintiff's property was situated for insuring property in that locality, the maximum indemnity of $7,500 mentioned in the policy sued on should be correspondingly reduced. The defendant, however, is not satisfied with either of these constructions. Its contention is that the language means that the maximum indemnity of the policy shall be reduced if the $102.73 was, when the plaintiff's policy was issued, less than the premium then charged by the majority of stock companies then engaged in fire insurance business in the locality where the plaintiff's property was situated, for insuring property like or similar to that of the plaintiff. Such, evidently, is the construction on which the affidavit of defense rests. But what right has the court thus to limit the meaning of the words of the policy? If, when the plaintiff's policy was issued, much the larger part of the property insured in Warsaw by the majority of the stock companies engaged in fire insurance business there was limited to a class of better risks than the plaintiff's property, and therefore was insured at low rates, has not the defendant bound itself to take those low rates into consideration in estimating the maximum indemnity of the policy sued on? Would it be permitted, in such case, to consider only the higher rates for risks like or similar to the risk of the policy sued on? There is nothing in the policy that permits the defendant to take only a particular class of property insured in Warsaw as the basis on which to estimate the maximum indemnity. As I read the policy, the only way of ascertaining 'the rate charged by the majority of the stock companies engaged in fire insurance business in the locality in which this risk is situated' is by getting the names of all the stock companies which, at the date of the issue of the plaintiff's policy, had outstanding fire insurance in Warsaw, learning the rates charged by those companies for such outstanding insurance, regardless of the nature of the risks, and then determining the question from the data thus obtained. It may be that such a rule is an unbusinesslike one for an insurance company to establish. But, in my judgment, it is the rule the defendant has made. Certainly, there is no authority for the court to read into the policy the words of limitation which are found in the affidavit of defense. When policies of insurance are obscure they are invariably construed most strongly against the company issuing them. Much less, then, may an insurance company insert into the plain language of a policy issued by it words limiting its liability."

The opinion which is thus expressed does not in our judgment give proper effect to the provisions of the policy or the defense set up by the affidavit under it. The clause in controversy in terms provides for a reduction of liability from the amount for which the policy is written upon certain specified conditions; these conditions in substance being that, if the deposit made by the insured by way of premium, at the time of taking out the insurance, is less than would be payable on the property insured, for the amount of insurance named in the policy, at the rate charged by a majority of the stock companies engaged in business, in the locality of the risk, then the amount of insurance contracted for is to be reduced proportionately. The insurance, in other words, is to be put on a stock company basis, as determined by the rate charged by a majority of such companies doing business in the vicinity. The criterion of this is the stock company rate there in vogue, on the same kind of property, and not the average on all classes without regard to the nature of the risk, as held by the court below, which is a

clear departure from the terms of the policy. It is only by taking the stock company rates on similar property in the neighborhood that it can be determined what the stock company rate would be on the property insured, which rate by comparison is to decide the extent of liability on the policy; the agreement being that, if the deposit made by way of premium is less than this, there shall be a corresponding reduction. Expressed briefly, the deposit made was to pay for the same amount of insurance that it would have bought on the property insured from the majority of the stock companies having risks in that locality, and no more than that, notwithstanding the amount for which it was written. And this could only be judged by the rates charged by such companies on the same kind of property. There is no ambiguity in this, nor does it read into the policy limitations not found in it. It is simply taking the policy as it stands, and giving it its natural, not to say unavoidable, construction. And by contrast the construction given it in the court below, by which it was held that, in order to determine how much insurance the deposit made would buy at the rates charged by a majority of the stock companies doing business in the locality, all the outstanding insurance of those companies there must be taken, regardless of the nature of the risks, imported into the policy something not found in it, nor entitled by any authorized implication to be brought into it.

This being so, the affidavit of defense was sufficient, and judgment could not rightly be given in the face of it for more than was there admitted. Pursuing the terms of the policy, it was there expressly averred, that:

"The deposit of $102.73 made by the plaintiff was less than the premium which would be payable on the property insured by the policy sued on for the amount of insurance named therein at the rate charged by the majority of the stock companies engaged in fire insurance business in the locality in which the risk was situated."

Not stopping with this, it was further averred that the $102.73 deposited by the plaintiff was at the rate of $1.29 per $100 of insurance on the buildings, and $1.42 on the contents, and that the rates charged by a majority of the stock companies engaged in the fire insurance business, in that locality, when the policy was issued, was $1.84 per $100 for like insurance on such buildings, and $2.09 on the contents; these, as it is said, being the rates charged by such companies for similar insurance upon the risk expressed in the policy in suit, which reduced accordingly the amount of insurance contracted for, the total amount of insurance upon this basis for which the defendant was liable being $5,158, and its proportionate amount of the loss incurred being $1,721.-12, which sum it was at all times willing to pay, constituting as it did the amount for which alone it was liable. The defendant in these averments brought itself squarely within the clause of the policy invoked, by which, as we construe it, it was protected from any larger liability than it admitted, and it was error therefore to give judgment for more than that.

There are other contentions made by counsel for the plaintiff in order to sustain the judgment, but it is not necessary to notice them.

The judgment is reversed, and a procedendo awarded.