EXCHANGE MUT. LIFE INS. CO. v. WARSAW-WILKINSON CO.

(Circuit Court of Appeals, Third Circuit.   September 12, 1910.)

1. APPEAL AND ERROR (§ 1192*)—DISPOSITION OF CAUSE—EFFECT OF "PROCE-DENDO."

A procedendo is a writ from a higher to a lower court, directing that the case be proceeded with.   It does not undertake to say what the decision shall be; but merely that there shall be one, and where there is a reversal the case is thereupon taken up in the court below at the point where the erroneous judgment was rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4647; Dec. Dig. § 1192.*]

For other definitions, see Words and Phrases, vol. 6, p. 5631.]

2. APPEAL AND ERROR (§ 1176*)—DISPOSITION OF CAUSE—DIRECTING JUDG-MENT.

An appellate court, on reversal of a judgment, will not direct the judgment to be entered below, unless it can thereby finally dispose of the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4588-4596; Dec. Dig. § 1176.*]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Action at law by the Warsaw-Wilkinson Company against the Exchange Mutual Life Insurance Company. On motion to amend mandate in 181 Fed. 330. Denied.

R. M. Schick and J. B. Boyer, for the motion.

Before BUFFINGTON, Circuit Judge, and ARCHBALD and CROSS, District Judges.

PER CURIAM. According to the memorandum at the foot of the former opinion (181 Fed. 330), the judgment below was reversed, and a procedendo awarded. This order was appropriate to the case. Showell v. Barr, 228 Pa. 42, 76 Atl. 718. And there was nothing obscure about it. It merely remitted the case for further proceedings not inconsistent with what had been decided. Commonwealth v. Magee, 224 Pa. 171, 73 Atl. 347. A procedendo is a writ from a higher to a lower court, directing that the case be proceeded with. It does not undertake to say what the decision shall be, but merely that there shall be one. 3 Black. Com. 109; Yates v. People, 6 Johns. (N. Y.) 462; 2 Cromp. Prac. 433; 1 Fitzh. N. B. 153, 154, 240. And, where there is a reversal, the case is thereupon taken up in the court below at the point where the erroneous judgment was rendered. In the present instance the mandate in strictness should have amplified the memorandum, and not simply repeated it. The judgment being reversed, the case should have been remitted to the court below for further proceedings as to right and justice might pertain, consistent with the decision rendered, a not unfamiliar direction. Cf. Davis v. Railroad, 217 U. S. 157, 30 Sup. Ct. 463, 54 L. Ed. 708, 27 L. R. A. (N. S.) 823; McClellan v. Carland, 217 U. S. 268, 30 Sup. Ct. 501, 54 L. Ed. 762.

A motion is made to amend the mandate, and have it declare what shall be the result of the proceedings to be further taken; that is to say, that the rule nisi for judgment for want of a sufficient affidavit of defense should be restored and made absolute, and judgment be thereupon entered in favor of the plaintiff for the amount admitted to be due, with interest, and "a procedendo awarded as to the balance." If there was any uncertainty in the original direction that a procedendo, eo nomine, be awarded, this only serves to repeat and continue it, and to avoid this we ought, in consistency, to go on and tell the court what should be done afterwards. But this is neither wise nor best as to any of it. Authority may exist, in reversing a judgment, to direct that some other one be rendered, and there may be cases which call for it. Rev. St. § 701; Act March 3, 1891, c. 517, § 11, 26 Stat. 829 (U. S. Comp. St. 1901, p. 552). Nor is there much doubt here as to what is likely to be the result with respect to the part of the plaintiffs' claim that is not controverted. But the cases in which the appellate court may dictate the judgment are those where final disposition may be so made of them. And the judgment here is not of that character. The case has got to go back as to a part of the controversy, and it is best, therefore, that it should go back as to all of it.

The only question before the court, at the argument, was the validity of the judgment which had been entered in the court below, and not

some other which might have been; and, in reversing, the judgment here is properly confined to that. It might be that no harm would result, in the present instance, in controlling the proceedings to the extent asked for. But the precedent is not a good one, and we cannot tell the effect it might have on others. The plaintiffs can get all the relief that they are entitled to in the court below, without moving this court, and to that they should be remitted.

The motion to amend the mandate is refused, except that the case will be directed to be sent back for further proceedings not inconsistent with the opinion previously rendered.