# FIDELITY TITLE & TRUST COMPANY, ANCILLARY ADMINISTRATOR OF PANCOAST, *v.* DUBOIS ELECTRIC COMPANY.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 300. Argued March 25, 26, 1920.—Decided June 1, 1920.

In reversing a judgment on a verdict in an action at law for damages, the Circuit Court of Appeals should order a new trial, but where it fails to do so this court, on certiorari, may inquire whether that court was wrong on the merits and, finding it so, may affirm the judgment of the District Court. P. 213.

A man is not free to introduce a danger into public places, even if he be under no contract with the persons subjected to the risk. P. 214.

One who creates and arranges for the continuation of dangerous conditions of which he alone knows, cannot escape responsibility for a resulting injury by stepping out of their control a few days before the injury occurs. P. 215.

A, having been furnished with a banner by B, and having, at B's request, undertaken to hang it across a public street and later take it down, assuming full control, suspended it between opposite buildings by a cable one end of which A negligently attached to a weakly constructed chimney; several days later, A retaining control, the banner dragged the chimney over in a storm and C was injured by a falling brick in the street below. *Held*, that A was liable to C. P. 213.

An amendment to a declaration which leaves the original cause of action unchanged is not objectionable because made after the running of the statute of limitations. P. 216.

253 Fed. Rep. 987, reversed.

THE case is stated in the opinion.

*Mr. Charles Alvin Jones*, with whom *Mr. Allen J. Hastings, Mr. James R. Sterrett* and *Mr. M. W. Acheson, Jr.,* were on the brief, for petitioner.

*Mr. W. C. Miller*, with whom *Mr. H. B. Hartswick* was on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action begun by Pancoast, to recover for personal injuries, and continued after his death by the petitioner as ancillary administrator.  At a former trial the plaintiff had a verdict but it was set aside and a new trial ordered by the Circuit Court of Appeals.  238 Fed. Rep. 129, 132.  151 C. C. A. 205.  At the new trial the plaintiff again got a verdict and judgment, but the Circuit Court of Appeals set them aside, this time simply reversing the judgment without ordering a new trial. 253 Fed. Rep. 987.  An opportunity was allowed to that Court to correct the error and as it was not corrected the present writ of certiorari was granted.  249 U. S. 606, 597. Of course if the judgment of the Circuit Court of Appeals was right on the merits a new trial should have been ordered.  *Slocum* v. *New York Life Insurance Co.,* 228 U. S. 364.  *Myers* v. *Pittsburgh Coal Co.,* 233 U. S. 184, 189. But as it has been necessary to direct the record to be certified up, it is necessary also to consider the merits of the case and to determine whether the Circuit Court of Appeals was right with regard to them.

Nothing turns upon the form of the pleadings.  The evidence for the plaintiff was in conflict with that for the defendant upon important points, but we shall state the case as the jury might have found it to be if they believed the plaintiff's evidence, as the verdict shows they did.—A member of a political party requested the defendant to suspend a political banner, which he furnished, across one of the principal streets in the borough of Dubois, between the Commercial Hotel and the Deposit National Bank.  He asked the defendant to put it up, take it down after the election and attend to it for him, saying that he did not want to have anything to do with it.  The defendant put up the banner, at first suspending it by a

rope, but the rope breaking, substituted for it a wire cable of the defendant's, and, the plaintiff says, did so without further orders. This cable was fastened on the hotel side by taking two turns round a chimney and clamping the end. The chimney stood thirty-one inches from the edge of the cornice over the street, was twenty-one inches square at the base, and had a tin flashing from the roof inserted between the courses of brick two or three courses above the roof. According to the plaintiff's evidence the cable was attached above the flashing. The lower corners of the banner were attached to the buildings on their respective sides. Five days after the banner was suspended the man who employed the defendant caused it to string electric lights along the wire, not otherwise interfering with the work. The same day in the afternoon, the weather being stormy, the banner dragged the chimney over and a brick struck Pancoast on the head, making a comminuted fracture of the skull. The defendant put up the banner a third time after this fall, again, the plaintiff says, without further direction, and when the election was over took it down.

If these were the facts, and, except with regard to the extent or the defendant's control, they could not be disputed, manifestly the verdict was warranted. It did not leave the defendant free from any duty to Pancoast and the other travellers in the street that they had no contract with it. An act of this kind that reasonable care would have shown to endanger life, might have made the actor guilty of manslaughter, if not, in an extreme case, of murder. *Rigmaidon's Case*, Lewin, 180. See *Nash* v. *United States*, 229 U. S. 373, 377. *Commonwealth* v. *Pierce*, 138 Massachusetts, 165, 178. The same considerations apply to civil liability for personal injuries from similar causes that would have been avoided by reasonable care. See *Gray* v. *Boston Gas Light Co.*, 114 Massachusetts, 149. A man is not free to introduce a danger

into public places even if he be under no contract with the persons subjected to the risk.

It hardly is denied that there was evidence of negligence, but it was held by the Circuit Court of Appeals that the defendant's relation to the work ceased when the banner was hung, that it had no further control over it and was not liable for what happened thereafter. Of course it is true that when the presence or absence of danger depends upon the subsequent conduct of the person to whom control is surrendered, the previous possessor may be exonerated when the control is changed. *Curtin* v. *Somerset*, 140 Pa. St. 70. *Murphey* v. *Caralli*, 3 Hurlst. & Colt. 462. *Thornton* v. *Dow*, 60 Washington, 622. *Glynn* v. *Central R. R. Co.*, 175 Massachusetts, 510. *Clifford* v. *Atlantic Cotton Mills*, 146 Massachusetts, 47, 48. But how far this principle will be carried may be uncertain, *Union Stock Yards Co.* v. *Chicago, Burlington & Quincy R. R. Co.*, 196 U. S. 217, 223, and when as here the danger had been called fully into existence by the defendant it could not escape liability for the result of conditions that it alone knew, had created and had arranged to have continue, by stepping out of the control a few days before the event came to pass. *Harris* v. *James*, 45 L. J., Q. B. 545. *Todd* v. *Flight*, 9 C. B. N. S. 377. *Swords* v. *Edgar*, 59 N. Y. 28. *Godley* v. *Hagerty*, 20 Pa. St. 387. *Joyce* v. *Martin*, 15 R. I. 558. *Jackman* v. *Arlington Mills*, 137 Massachusetts, 277, 283. *Dalay* v. *Savage*, 145 Massachusetts, 38, 41. *Clifford* v. *Atlantic Cotton Mills*, 146 Massachusetts, 47, 49.

But it could not be said as matter of law that the defendant had stepped out of control. The facts in their legal aspect probably were somewhat hazy. Presumably the tenant of the hotel simply permitted what was done and had no other relation to it than such as might be imposed upon him by the law. Evidently the defendant handled the banner when it wanted to, and no one else

touched it.   The defendant's employer if he told the truth not only did not intermeddle but might be found to have expressly required the defendant to take the responsibility.   All the probabilities are that such control as there was remained with the defendant.   The defendant got more than it was entitled to when the jury were instructed that even if the fall was due to negligence in putting up the banner, the defendant would not be liable unless by arrangement it had assumed a continuing duty to maintain the banner in a safe condition.   The testimony on the two sides was contrasted and it was left to the jury to say which they would believe.

As we have implied, we regard it as too plain for discussion that the plaintiff's evidence if believed warranted a finding that the defendant undertook the care of the banner while it was up.   An effort is made to establish an error in allowing an amendment to the declaration after the statute of limitations had run.   The declaration originally alleged negligence in the use of the chimney and that the fall was due to the use of the chimney as alleged. The amendment alleged also that defendant maintained the banner.   If any objection is open it is enough to say that the original declaration was sufficient and that the amendment plainly left the cause of action unchanged.

*Judgment reversed.*
*Judgment of the District Court affirmed.*