INDEMNITY INS. CO. OF NORTH AMERICA et al. v. LEVERING.

No. 6797.

Circuit Court of Appeals, Ninth Circuit.

June 21, 1932.

Hartley F. Peart, or San Francisco, Cal., and Gallaher & Ozias, of Fresno, Cal. (Russel Shearer, of San Francisco, Cal., of counsel), for appellant Indemnity Ins. Co.

Everts, Ewing, Wild & Everts, of Fresno, Cal., for appellants Vogel, Say, Ross, and Valley Holding Co.

Young & Hudson and Bert F. Rabinowitz, all of San Francisco, Cal., for appellant Crowell.

Bicksler, Smith, Parke & Catlin, Hiram E. Booth, Martin M. Levering, and Henry Trowbridge, all of Los Angeles, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

This is the second appeal in this action. The opinion in the first appeal is reported in (C. C. A.) 50 F.(2d) 151. The order of the court was a simple reversal of the judgment, but, in conformity with the practice in this circuit, the formal reversal was followed by a mandate to the trial court in the usual form directing it to proceed with the matter in conformity with the decision of this court. The action is one at law. A jury was waived upon the former trial, and special findings were made by the court and judgment thereon rendered in favor of the present appellants. On the previous appeal the sole question presented was as to the effect of certain executed parol agreements shown by uncontradicted evidence to have been entered into by Levering. The trial court was of the view that such agreements were not binding upon Levering, and that consequently his payment to those who had purchased stock from him was voluntary and he could not claim that such payment constituted a loss or damage recoverable against the present appellants who had executed bonds to protect him against loss. After the mandate of this court had been filed in the lower court the present appellants moved for a new trial of the issues. The trial court denied this motion, concluding that, upon the facts and the law as established by the findings of the trial court and the conclusion of this court as to the binding character of Levering's agreement to reimburse his vendees, the amount for which Levering was entitled to judgment was readily ascertainable from the facts found by the trial court upon the first trial and the law of the case as established by this court on appeal, from the judgment rendered

therein. Judgment was accordingly entered in favor of the appellee aggregating $55,049.60 without a retrial of the case, over the objection of the defendants in the action.

This court has no power to order a judgment to be entered in an action at law where there are issues of fact to be determined by a jury or upon stipulation to that effect by the judge. The Seventh Amendment to the Constitution of the United States; Slocum v. N. Y. Life Ins. Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029; Pedersen v. Delaware, Lackawanna & W. R. R. Co., 229 U. S. 146, 33 S. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153. Upon reversal, this court should ordinarily order a new trial, and the effect of the mandate of the court upon the former appeal was to so direct. Exchange Mutual Life Ins. Co. v. Warsaw-Wilkinson Co. (C. C. A.) 185 F. 487. It appears that in the Third circuit a simple reversal without further direction is considered to be a denial of a right to proceed further in the lower court. See Fidelity Title & Trust Co. v. Dubois Elec. Co., 253 U. S. 212, 213, 40 S. Ct. 514, 64 L. Ed. 865, reversing Du Bois Electric Co. v. Pancoast's Adm'r (C. C. A.) 253 F. 987; Myers v. Pittsburgh Coal Co., 233 U. S. 184, 34 S. Ct. 559, 58 L. Ed. 906, reversing (C. C. A.) 203 F. 221. In the Second circuit it seems to be assumed that the order "Judgment reversed" implies a new trial. See Eastman Kodak Co. v. Blackmore (C. C. A.) 277 F. 694, 699, 701, where it was said, on page 699: "As we have no power to dismiss the complaint, and a new trial must be ordered, in accordance with Slocum v. New York Life Ins. Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029, it may be well to call attention to another question presented upon this review."

On page 701 of 277 F., although of opinion that the complaint should have been dismissed, the formal order was "Judgment reversed."

The effect of a mandate similar to that issued by this court, in the case at bar was considered by the Circuit Court of Appeals in McNee v. Williams, 280 F. 95, 97, where the court said: "* * * We think there is no room to claim that it directed, or intended to direct the District Court to enter a final judgment in favor of the defendant [plaintiff here]."

In view of the fact that the issue determined upon the former appeal was one of law, it may be possible, although we do not decide the point, that upon the previous appeal this court might have ordered a judgment to be entered in favor of the appellant therein if requested so to do, Bayne v. U. S. (C. C. A.) 195 F. 236, or limited the new trial to the specific issue raised upon the appeal without violating the Seventh Amendment to the Constitution of the United States. See Gasoline Products Co. v. Champlin Co., 283 U. S. 494, 51 S. Ct. 513, 75 L. Ed. 1188. This was not done, however. The effect of our order of reversal and mandate thereon was to call for a new trial upon all the issues of fact. This trial was denied by the court, and for that reason the judgment must be reversed.

Appellants ask us to pass upon the sufficiency of the facts pleaded in the complaint to sustain a judgment. The pleadings and findings occupy about 185 pages of the transcript. The point was apparently not seriously pressed in the trial court, and appellee is relying upon the judgment as one directed to be entered by this court, and hence not appealable. Under these circumstances we consider it unnecessary to pass upon the question, as our judgment sets the whole matter at large subject to the law of the case as established on the former appeal. The motion to dismiss the appeal interposed by the appellee is based upon the theory that the judgment entered by the trial court conformed to the order of reversal and for that reason was not appealable and must be denied. The appellee's motion to strike out the bill of exceptions based upon the claim that it was filed too late depends upon the contention that the bill is in effect directed to the first judgment, and consequently was presented too late, cannot be sustained; it shows the proceedings subsequent to the mandate and the motions and proceedings upon which the judgment was ordered given and made, and is essential to show a request for a trial was refused the appellants. The motion will be denied.

Motion to dismiss denied; motion to strike out bill of exceptions denied. Judgment reversed.