# METROPOLITAN. WATER COMPANY *v.* KAW VALLEY DRAINAGE DISTRICT OF WYANDOTTE COUNTY, KANSAS.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KANSAS.

No. 844.   Argued January 16, 1912.—Decided February 19, 1912.

A direction in the mandate that the court below proceed in accordance with the opinion operates to make the opinion a part of the mandate as completely as though set out at length.

On appeal from a mere interlocutory order the Circuit Court of Appeals may direct the bill to be dismissed if it appears that the complainant is not entitled to maintain his suit.

Where the Circuit Court of Appeals has authority to make a ruling which finally disposes of the case, and the defeated party does not successfully prosecute either the certification of the question of jurisdiction to this court, or writ of certiorari from this court, the judgment of the Circuit Court of Appeals remains conclusive upon the parties and binding upon the Circuit Court and any other court to which the case can be taken. *Brown* v. *Alton Water Company*, 222 U. S. 325.

THE Metropolitan Water Company, a corporation of the State of West Virginia, owned land which the Kaw Valley Drainage District, a corporation of the State of Kansas, desired to acquire for public purposes.

Under the provisions of the act regulating the condemnation of land, the defendant in error presented to the

Judge of the District Court of Wyandotte County, a petition for the appointment of commissioners to value the property of the complainant necessary to be condemned for drainage purposes. The Water Company immediately filed with the judge a petition to remove the case to the United States Circuit Court. After argument this petition was denied and commissioners were appointed. The complainant at once filed, in the United States Circuit Court, its bill in aid of the removal proceeding praying that the defendant and the commissioners be enjoined from further prosecuting the condemnation proceedings. Among other things it alleged that the act violated the Fourteenth Amendment because it deprived the complainant of its property before judicial ascertainment of its value and before payment—in that when the report of the commissioners was filed with the register of deeds, the defendant, on paying the amount of the award, could take possession of the property; and, though an appeal to the District Court was permitted, the defendant could retain possession in the meantime on giving bond to pay the amount of the verdict.

To this bill the defendant demurred, and after a hearing a temporary injunction was granted, restraining the defendant from proceeding further to condemn the property of the complainant. This order was reversed by the Circuit Court of Appeals, which, in an elaborate opinion, held that the statute was valid and that until an appeal was taken from the award of the commissioners the proceeding was in the nature of an inquest to determine damages, and not a "suit" within the meaning of the Removal Statute, and therefore not removable into the Federal court thereunder (186 Fed. Rep. 315)

The mandate directed "that the order granting the injunction be reversed and that the cause be, and the same is hereby, remanded to the said Circuit Court with directions for proceeding in accordance with the opinion

of this court." On the return of the mandate the Circuit Court sustained the demurrer, and, in allowing the appeal to this court, certified that it dismissed the bill solely on the ground of the want of jurisdiction.

*Mr. Willard P. Hall* for appellant.

*Mr. L. W. Keplinger* and *Mr. C. W. Trickett* for appellees submitted.

MR. JUSTICE LAMAR, after making the foregoing statement, delivered the opinion of the court.

While in form this is an appeal from the decree of the Circuit Court for the District of Kansas, it is really an effort to review a decision of the Circuit Court of Appeals of the Eighth Circuit. From the statement of facts it is manifest that in dismissing the bill the Circuit Court merely applied the ruling that the petition for the appointment of commissioners was not the institution of a "suit" within the meaning of the Removal Act. If there was no suit which could be removed, it was not possible to maintain a bill in aid of removal proceedings thus decided to be void. When, therefore, the Circuit Court followed the opinion to its logical conclusion and dismissed the bill, it did only what it was bound to do. In obeying these directions it committed no error, and its decree cannot be reversed, even if it should appear that the Court of Appeals erred in holding that the condemnation proceedings did not amount to a suit within the meaning of the Removal Acts. The complainant had another remedy to test the correctness of that decision. It was open to it to ask the Circuit Court of Appeals to certify the question of jurisdiction to this court. If that motion had been overruled, the complainant had the further right to apply for a writ of certiorari. If the writ

had been granted, the question of jurisdiction could have been tested here. If the writ of certiorari had been then denied, the complainant would have remained bound by the decision of the Circuit Court of Appeals as the law of the case which could be changed neither by the Circuit Court directly, nor indirectly by the reversal of a decree properly entered in pursuance of the mandate of the appellate court. *Aspen Mining & S. Co.* v. *Billings,* 150 U. S. 31, 37.

The case here is not like *Globe Newspaper Co.* v. *Walker,* 210 U. S. 356, 361, where the judgment of the Circuit Court that the declaration was "insufficient in law" (130 Fed. Rep. 593), was reversed by the Circuit Court of Appeals and remanded "for further proceedings according to law" (140 Fed. Rep. 305, 315). At the trial there was a verdict for the plaintiff. But during that hearing the defendant moved that the action be dismissed because the court was without jurisdiction. It was held that from this decision an appeal could be taken under § 5 of the act of 1891.

The case is ruled by *Brown* v. *Alton Water Co.,* 222 U. S. 325, although the facts there were the converse of those shown by the present record. There the Circuit Court dismissed the bill for want of jurisdiction. That decree was reversed by the Court of Appeals. After the filing of the mandate in the Circuit Court, a final decree was entered in favor of the complainant. Thereupon the case was brought here, the judge certifying that the defendants had challenged the jurisdiction of the court as a Federal court to hear and determine the cause. That appeal was dismissed on the ground that the Circuit Court was bound to follow the decision of the Circuit Court of Appeals— it being said (p. 332) that "if error was committed, it is not for the Circuit Court to pass upon that question. The Circuit Court could not do otherwise than carry out the mandate of the Circuit Court of Appeals and could

not refuse to do so on the ground of want of jurisdiction in itself or in the appellate court."

It is urged that the decision in the *Alton Case* does not apply, because in it there had been a final decree dismissing the bill for want of jurisdiction, while in the present case the ruling of the Circuit Court of Appeals was made on a review of an interlocutory order, from which, it is said, no writ of certiorari could issue. It is argued that the complainant was obliged to wait until a final decree was entered, and then, for the first time, its right of appeal became perfect, under § 5 of the act of 1891 (26 Stat. 827), permitting cases to be brought to this court on questions of jurisdiction.

We need not consider when a writ of certiorari may issue to review decisions on interlocutory orders by the Circuit Court of Appeals, for, in any event, its judgment in the present case must be treated as equivalent to a direction to enter a final decree against the complainant for want of jurisdiction. It is true that the mandate did not in terms make such an order, yet its direction that the Circuit Court "should proceed in accordance with the opinion" operated to make the opinion a part of the mandate as completely as though it had been set out at length. Under such a mandate nothing was left for the Circuit Court to do except to dismiss the bill. It was within the power of the Circuit Court of Appeals to make such an order on an appeal from an interlocutory order. For, while at one time there was some difference in the rulings on that subject, it was finally settled by *Smith* v. *Vulcan Iron Works*, 165 U. S. 518, that on appeal from a mere interlocutory order the Circuit Court of Appeals might direct the bill to be dismissed if it appeared that the complainant was not entitled to maintain its suit. *In re Tampa Suburban R. Co.*, 168 U. S. 583; *Ex parte National Enameling Co.*, 201 U. S. 156, 162; *Bissell Co.* v. *Goshen Co.*, 72 Fed. Rep. 545, 556–560.

It follows, therefore, that the Circuit Court of Appeals had authority to make a ruling which finally disposed of the case; that the complainant then had the right to ask it to certify the question of jurisdiction, and if that was refused, might have applied to this court for a writ of certiorari. Having failed successfully to prosecute these remedies, the judgment of the Circuit Court of Appeals remained conclusive upon the parties and binding upon the Circuit Court and every other court to which the case could by any possibility be taken. For these reasons, the question as to whether there was a suit which was removable cannot be considered and the appeal must be

*Dismissed.*