## McNEE v. WILLIAMS, District Judge.

(Circuit Court of Appeals, Eighth Circuit. March 29, 1922.)

### No. 212.

Appeal and error ⬥⟶1192—Mandate to proceed in conformity with opinion held not to require judgment for defendant.

Where the briefs of the parties on writ of error to review a judgment for plaintiff agreed that the only question for decision was whether the lands in controversy, which defendant claimed under a tax deed, were subject to taxation, though the pleadings in that case presented other objections to the validity of the tax deed, a mandate, after reversal of that judgment, directing the trial court to proceed in conformity with the opinion, did not require it to enter a judgment in favor of defendant, but only required further proceedings to be had in accordance with the determination that the land was subject to taxation.

Rule by George A. McNee against Hon. R. L. Williams, as Judge of the District Court of the United States for the Eastern District of Oklahoma, to show cause why respondent should not be required by mandamus to render a final judgment in favor of petitioner as defendant in a cause pending in that court, wherein James E. Whitehead was plaintiff and George A. McNee defendant. Rule discharged, and petition dismissed.

James S. Twyford, of Oklahoma City, Okl. (Solon W. Smith, of Oklahoma City, Okl., on the brief), for petitioner.

F. E. Riddle, of Tulsa, Okl. (Conn Linn, of Tulsa, Okl., on the brief), for respondent.

Before SANBORN and LEWIS, Circuit Judges, and VAN VALKENBURGH, District Judge.

LEWIS, Circuit Judge. The petitioner, McNee, caused a rule to issue out of this court on Hon. R. L. Williams, as District Judge for the Eastern District of Oklahoma, to show cause why he should not be required by writ of mandamus to enter final judgment in favor of the

defendant in a cause pending in that court entitled "James E. White-head, Plaintiff, v. George A. McNee, Defendant." The rule issued on McNee's petition, which charged that respondent had refused to comply with the mandate of this court in cause No. 5126, entitled "George A. McNee, Plaintiff in Error, v. James A. Whitehead, Defendant in Error," 253 Fed. 546, 165 C. C. A. 216, which is the same cause as that now pending in the District Court; that it was tried on its merits in the District Court in November, 1917, resulting in a judgment in favor of Whitehead; that it was then brought here by McNee as plaintiff in error, resulting in reversal, that the mandate that went down contained this:

"On consideration whereof, it is now hereby ordered and adjudged by this court, that the judgment of the said District Court, in this cause be, and the same is hereby, reversed with costs; it is further ordered that this cause be, and the same is hereby, remanded to the said District Court with directions for further proceedings in conformity with the opinion of this court."

The return to the rule, taken with the recitations in the petition admitted by respondent, shows that petitioner's motion for judgment in his favor was presented to and denied by the judge who tried the case and who, on denying the motion, granted leave to Whitehead to file an amended complaint, that no demand was ever made on respondent to cause the judgment to be entered for defendant, and that the only action which he was asked to take in the cause was to rule on defendant's motion to strike the amended complaint, which he overruled.

The petition for the writ sets up in full the substance of the pleadings at the time of the trial, from which it appears that the complaint stated two causes of action, one at law, i. e., ejectment, and the other in equity, i. e., a bill to remove as a cloud on plaintiff's title to the lands described in the first count a tax deed held by defendant and alleged to be void because the lands were exempt from the taxes for which they were sold. The answer did not respond separately to each count. It denied that plaintiff owned the lands, it denied the execution and delivery of one of the deeds set up by plaintiff in his chain of title, it admitted that defendant was in possession, it denied that the lands were exempt from taxes, and set up defendant's tax deed as vesting title in him; and then pleaded by way of cross-petition that, by virtue of his tax deed and possession, he is entitled to have the deed declared valid and perfect and to have his title quieted as against the plaintiff, and that plaintiff's alleged title be declared to be null and void, and prayed accordingly. To the answer thus consolidated to the two counts the plaintiff filed a reply, in which he alleged that the tax deed was "void because no notice was given to this plaintiff or to any of his grantees (grantors) or to his tenant of the application for said tax deeds or either of them as is required by law." It further appears from the petition for the writ that when the defendant offered in evidence his tax deed, which was a correction deed of a prior tax deed covering the premises in controversy, the plaintiff objected on the ground that the lands were exempt from taxation at the time of the tax levy under which they were sold and the deed issued to defendant, that the trial judge sustained the objection and announced that judgment would be entered for the plaintiff. The petition further shows

that when the case came on to be heard on writ of error the brief for plaintiff in error contained this:

"All these specifications of error may properly be argued together. The question is this: 'Are the inherited lands of minor Choctaw Indian heirs of the quarter blood, before sale through the proper county court of Oklahoma, subject to taxation?' If this question is answered in the affirmative the plaintiff in error must prevail and the judgment of the trial court reversed and judgment rendered for defendant as prayed by his answer and cross-petition. Otherwise the judgment of the lower court should be affirmed with costs"

—and to that the brief for defendant in error responded:

"We agree with plaintiff in error in his brief that if such lands are taxable by the state, the judgment should be reversed, and if such lands are not taxable, the judgment should be affirmed. Therefore, the one and whole question is—Are these lands taxable?"

Taking counsel at their word, the opinion rendered in the case (McNee v. Whitehead, 253 Fed. 546, 165 C. C. A. 216) went no further than to answer that question in the affirmative. There were other issues raised by the reply not noticed here, because counsel agreed that this court need pass only on the one question of law.

The mandate did not in terms require the court to act in the manner which petitioner now asks to have it do under compulsion of the writ. It required the trial court to take "further proceedings in conformity with the opinion of this court," and reading it in the light of the opinion, we think there is no room to claim that it directed, or intended to direct the District Court to enter a final judgment in favor of the defendant. Insurance Co. v. Hill, 193 U. S. 551, 24 Sup. Ct. 538, 48 L. Ed. 788; In re Sanford Fork & Tool Co., 160 U. S. 247, 16 Sup. Ct. 291, 40 L. Ed. 414; Hawkins v. Ry. Co., 99 Fed. 322, 39 C. C. A. 538; Mulqueen v. Cordage Co. (C. C.) 108 Fed. 931; Ex parte Union Steamboat Co., 178 U. S. 317, 20 Sup. Ct. 904, 44 L. Ed. 1084. The direction of the mandate to proceed in conformity to the opinion made the opinion a part of the mandate, and it is to be "interpreted according to the subject-matter to which it has been applied." Metropolitan Co. v. Drainage District, 223 U. S. 519, 523, 32 Sup. Ct. 246, 56 L. Ed. 533; Baltimore Building & L. Ass'n v. Alderson, 99 Fed. 489, 492, 39 C. C. A. 609. This court did not decide that defendant had the better title. It expressed no opinion as to whether his tax deed vested in him a better title than that claimed by plaintiff, or any title. It only settled a question of law on assumed facts. The court was not asked to consider the whole record for judgment de novo, as on the second count, or on the cross-petition; and as to the first count it was not within judicial power to take away Whitehead's right to the verdict of a jury on that count. The seventh amendment forbids. Slocum v. Insurance Co., 228 U. S. 364, 33 Sup. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029. When the cause was reversed and remanded to the District Court with directions for further proceedings in conformity with the opinion of this court, the only command which it carried to respondent was to apply the principle of law established by this court, in its final disposition.

Rule discharged and petition dismissed at petitioner's costs.