## PIKE RAPIDS POWER CO. v. MINNEAPOLIS, ST. P. & S. S. M. RY. CO.

### No. 11517.

Circuit Court of Appeals, Eighth Circuit.

Oct. 23, 1939.

James G. Nye, of Duluth, Minn. (Gillette, Nye, Harries & Montague, of Duluth, Minn., on the brief), for appellant.

James L. Hetland, of Minneapolis, Minn. (John A. Anderson, of Minneapolis, Minn., and Fryberger, Fulton & Boyle, of Duluth, Minn., on the brief), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from a judgment purporting to have been entered on mandate of this court. On the first appeal, the judgment of the lower court was modified and the cause remanded with directions to vacate the judgment appealed from and to enter a judgment not inconsistent with the opinion of this court. Pike Rapids Power Co. v. Minneapolis, St. P. & S. S. M. Ry. Co., 8 Cir., 99 F.2d 902. The appeal presents the single question as to whether the lower court entered judgment consistent with the opinion of this court. The parties will be referred to as they were designated in the lower court.

This suit was originally brought by plaintiff in 1907, to enjoin the construction of a bridge which the defendant was then constructing across the Mississippi River, and for damages for trespass on lands on both sides of the river, of which plaintiff claimed ownership. Defendant railway company, in accordance with the Minnesota practice, converted the action into one for condemnation. Defendant, by its answer, denied trespass and put plaintiff to its proof as to what lands it owned. The proceeding was allowed to lie dormant until 1925 and was not finally decided until 1938. In the meantime, in 1924, plaintiff constructed a dam a short distance upstream from the bridge, and the current of the river was thereby diverted so as to make it necessary to reinforce the bridge piers constructed by defendant to prevent damaging them. In these circumstances, the parties agreed that plaintiff should "advance the money" to pay for the work, and "it was further agreed that the parties would attempt to settle the following disputed matters by negotiation:

"(a) The liability or responsibility of each of the parties hereto with reference to the cost of doing all of the work of strengthening the * * * piers of said bridge in accordance with said plans and specifications;

"(b) The amount of damages to which plaintiff is entitled by reason of any taking of its property as described in the complaint which may be established, including such amount, if any, as it may be entitled to receive on account of any added expense in the construction of its dam or on account of payments which it may be required to make for the strengthening of said * * * bridge piers.

"(c) The liability or responsibility of each of the parties hereto with reference to any further strengthening of the said bridge or any part or support thereof which may hereafter appear necessary and, if the questions are submitted to the Court as hereafter provided, the Court may retain jurisdiction of this cause for such time and consider such matters hereafter arising as may be necessary to determine such liability or responsibility and the amounts thereof."

There were four piers resting on the bed of the river supporting defendant's bridge, two being located on the east side of the river and two on the west side. The lower court held the plaintiff liable for the damages to all four of the bridge piers occasioned by the construction of its dam, including the costs advanced for strengthening them; held that the defendant owned the equitable title to its right of way on the west bank of the river, and awarded plaintiff $1,295 damages for the taking of right of way by the defendant on the east bank of the river. On appeal to this court, plaintiff indicated "its willingness to accept the damages awarded it for the right of way on the east bank," but complained of the balance of the judgment. This court

held that defendant was the equitable owner of the right of way occupied by it on the west side of the river, including the riparian rights incident to the land, and hence, that plaintiff was liable for any damage to the two piers on the west side of the river, and it was not therefore entitled to reimbursement for the cost of strengthening and protecting those piers against damage, but that plaintiff was entitled to recover the unpaid purchase price on defendant's contract for a right of way deed on the west side of the river as assignee of the original owner. As to the east side of the river, this court held that as plaintiff was the owner of the land and the incident riparian rights on the east side, and as defendant was a trespasser upon plaintiff's property, defendant was responsible for any damage to the two bridge piers on the east side of the river, and that plaintiff was entitled to recover the sums which it had advanced for strengthening those piers, with six per cent interest from the dates of the respective advancements.

The mandate proper, as distinguished from the opinion, read, "that the judgment of the said District Court in this cause, be, and the same is hereby reversed insofar as it relates to the liability and responsibility of the parties for damages to the defendant's two bridge piers resting on the east side of the middle of the Mississippi River, and in all other particulars the judgment is hereby affirmed."

The original judgment was in separate paragraphs, each paragraph being numbered. So far as here pertinent it read as follows:

"Now, Therefore, In accordance with said findings and conclusions as amended, It is Hereby Ordered, Adjudged and Decreed:

"1. That the plaintiff take nothing from the defendant on account of plaintiff's claim for reimbursement for the cost of strengthening and protecting defendant's bridge against damage occasioned by the existence, maintenance and operation of plaintiff's dam.

"2. That plaintiff take nothing from the defendant by reason of its claim of added costs of construction of plaintiff's dam, due to the presence of defendant's bridge, or for any other expense or loss which plaintiff incurred in constructing its dam at its present location, rather than at a different location.

"3. That plaintiff have and recover from the defendant the sum of Twelve Hundred and Ninety-five ($1295.00) Dollars as compensation for the taking and perpetual use of the following described land, to-wit: etc."

By referring to the mandate and the opinion, it is clear that paragraphs 1 and 2 of the judgment were reversed. Instead of these two provisions, the court in effect directed the entry of judgment for damages on account of plaintiff's expenditures in protecting the two easterly piers of defendant's bridge, and likewise directed the entry of judgment in favor of the defendant so far as plaintiff's claim of damages for expenditures in protecting the two westerly piers of defendant's bridge was concerned. The lower court, pursuant to the mandate of this court, entered judgment substituting the following paragraphs 1 and 2 for paragraphs 1 and 2 as they appeared in the original judgment:

"1. That the plaintiff have and recover from the defendant, on account of plaintiff's claim for reimbursement for the cost of strengthening and protecting the two easterly piers of defendant's bridge, against damage occasioned by the existence, maintenance and operation of plaintiff's dam, the sum of $4,375.00 with interest thereon at six per cent (6%) per annum from the 15th day of October, 1924 * * * (and other sums) * * *, being a total amount of $101,414.08, and that plaintiff have execution therefor.

"2. That the plaintiff take nothing from the defendant on account of plaintiff's claim for reimbursement for the cost of strengthening and protecting the two westerly piers of defendant's bridge against damage occasioned by the existence, maintenance and operation of the plaintiff's dam."

The rest of the judgment, including the paragraph awarding plaintiff $1295.00 as compensation for the taking and perpetual use of the right of way occupied by defendant on the east side of the river, remained unchanged.

Plaintiff contends on this appeal that the judgment below did not conform to the mandate of the court in that the judgment should have made specific provision that upon payment of the total amount of damages, including that awarded by paragraph 1 of the judgment as entered, defendant should be awarded title and possession of the easement over the upland on the east

894

bank of the river, and that it erroneously provided that upon payment of the sum of $1295.00 (specified in paragraph 3 of the judgment) defendant should be entitled to the easement.

 It is the established rule of this court that following reversal with directions, proceedings in the lower court should conform to the mandate, of which the opinion is a part. American Surety Co. v. Bankers' Savings & Loan Ass'n, 8 Cir., 67 F.2d 803; Mortgage Loan Co. v. Livingston, 8 Cir., 66 F.2d 636; H. P. Coffee Co. v. Reid, Murdoch & Co., 8 Cir., 60 F.2d 387. See, also: Gulf Refining Co. v. United States, 269 U.S. 125, 46 S.Ct. 52, 70 L.Ed. 195; City Nat. Bank v. Hunter, 152 U.S. 512, 14 S.Ct. 675, 38 L.Ed. 534; In re Sanford Fork & Tool Co., 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414; Metropolitan Water Co. v. Kaw Valley Drainage Dist., 223 U.S. 519, 32 S.Ct. 246, 56 L.Ed. 533. It is equally well settled that an appeal from a decree purporting to be entered on mandate brings up for reexamination only the proceedings subsequent to the mandate. Stewart v. Salamon, 97 U.S. 361, 24 L.Ed. 1044; United States v. Camou, 184 U.S. 572, 22 S.Ct. 515, 46 L.Ed. 694.

The opinion of this court became the law of the case and is not open for reconsideration on this second appeal. This court allowed plaintiff's claim for reimbursement of expenditures in strengthening and protecting the two easterly piers of defendant's bridge because defendant was a trespasser. Plaintiff on its first appeal advised this court that it was willing to accept the award for the value of the land taken from it for right of way purposes on the east side of the river. It made no contention on the prior appeal that the claim for its disbursements should be allowed as compensation for the taking of its property. The part of the judgment dealing specifically with this question was not challenged; neither was there any motion made to this court to modify its judgment or its mandate. This court, as well as the lower court, considered the question of recovery of damages for taking the land and infringement of the appurtenant riparian rights, as distinct from the question of recovery of disbursements made by plaintiff to protect defendant's bridge. We can not on this appeal consider new issues, nor can we modify the previous opinion and mandate of this court. The mandate of this court left nothing to the discretion of the lower court. It in effect performed a ministerial act in entering the judgment of this court.

The judgment appealed from was entered in strict conformity with the mandate of this court and it is therefore affirmed.