### MADDEN FURNITURE, Inc., v. METROPOLITAN LIFE INS. CO. MADDEN v. SAME.

### No. 10155.

Circuit Court of Appeals, Fifth Circuit.

May 7, 1942.

Calvin Johnson and Morris E. White, both of Tampa, Fla., for appellant Madden Furniture, Inc., and another.

Peter O. Knight, C. Fred Thompson, P. O. Knight, Jr., and Jno. Bell, all of Tampa, Fla., for Metropolitan Life Ins. Co.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

On previous appeals from verdicts and judgments in favor of the present appellants, this court reversed the judgments and remanded the cases for further and not inconsistent proceedings. Metropolitan Life Ins. Co. v. Madden, 5 Cir., 117 F.2d 446. The district court considered that this meant the reinstatement of previously overruled motions of the Insurance Company for judgments notwithstanding the verdicts, and that such motions should be granted forthwith. The appellants then filed motions that such action be not taken because of exhibited evidence not before heard which might produce a different result. The last named motions were denied, the motions of the Insurance Company for judgments notwithstanding the verdicts were granted, judgments were entered in favor of the Insurance Company, and this consolidated appeal followed.

We think a new trial ought to have been had. Prior to the adoption of Rule of Civil Procedure 50, 28 U.S.C.A. following section 723c, a reversal and remand for further proceedings for an error antecedent to the verdict operated to grant a new trial. On the former appeal the errors specified were as to the admission of evidence, as to the Judge's charge, and as to the refusal of motions for a new trial. The overruling of the motions for judgments notwithstanding the verdicts were not specified as error. This court did not consider or rule upon them. The opinion mentions only the alleged errors prior to verdict. The reversal for such errors although one was the refusal to direct a verdict, with a remand for further consistent proceedings, meant a new trial with an avoidance of the same errors. The case was open for amendment of pleadings, new and additional evidence, or any handling not inconsistent with the opinion of the court.

It is true that Rule 50(b) was intended to obviate the necessity of a new trial whenever the trial judge finds he has erroneously refused to direct a verdict. The Rule declares: "If a verdict was returned the court may allow the judgment to stand

or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed." An appellate court, reviewing the action of the trial judge on motions made under this Rule may direct that any of these things be done. But in this instance the appellate court gave no direction to enter a judgment. It did not reverse or even review the judgments of the trial judge on the motions for judgment non obstante veredicto. They were not specified as error, and were not considered. The motions for judgment were not reinstated but stand disposed of. The cases are to be tried de novo.

Judgments reversed.