938

## FLENIKEN et al. v. GREAT AMERICAN INDEMNITY CO.

No. 10906.

Circuit Court of Appeals, Fifth Circuit.

May 25, 1944.

Rehearing Denied Aug. 24, 1944.

Calvin E. Hardin, Jr., of Baton Rouge, La., for appellants.

B. B. Taylor, C. V. Porter, and L. W. Brooks, all of Baton Rouge, La., for appellee.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This case originated as a suit for damages for personal injuries brought against the alleged liability insurance carrier of the tort feasor. Defendant's motion for a directed verdict was overruled, and the jury returned a verdict for the plaintiffs upon which judgment was entered. On appeal, this court held that upon the undisputed facts the insurer was not liable as a matter of law, and that its motion for a directed verdict should have been granted. The judgment accordingly was reversed, and the cause remanded "for further and not inconsistent proceedings." [1]

Motions for a rehearing and applications for a writ of certiorari were unsuccessful,[2] and on May 26, 1943, the mandate of this court was received by the trial court. On July 23, 1943, on motion of the insurer without notice to appellants, the court below set aside the former judgment and entered judgment for the insurer on the motion for a directed verdict, which judgment recited that such action

---

[1] 5 Cir., 134 F.2d 208, 212.

[2] 319 U.S. 753, 63 S.Ct. 1167, 87 L.Ed. 1706.

was taken pursuant to instructions in the mandate. On August 20, 1943, appellants filed in this court a motion to recall the mandate and grant a rehearing on the ground that the Supreme Court of Louisiana, in the case of LeBlanc v. New Amsterdam Casualty Company, 202 La. 857, 13 So.2d 245 had held contrary to the opinion of this court on the identical question of law. That motion was denied.

On October 8, 1943, appellants moved the trial court to set aside the judgment entered upon the mandate, stating that they had no notice of the intention of the court to consider the entry of said judgment, and for excusable reasons had not been present to call to the court's attention the LeBlanc case; that if the court's attention had been directed to said case, judgment for appellee would not have been entered. The trial court heard argument upon the motion, took it under advisement, considered it, and denied it. The question now before this court is whether appellants were entitled to notice and an opportunity to be heard upon the matter of entering judgment on the mandate.

 It is well settled that further proceedings in the trial court on remand are controlled by the mandate, and the court may take no action inconsistent with the directions thereof as elucidated by the opinion.[3] Under Rule 50(b) of the Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c the defendant's motion for a directed verdict at the close of all the evidence, though overruled prior to the submission of the issues to the jury, remained open for determination after the rendition of the verdict. When the verdict for the plaintiffs was returned, the court had the option to enter judgment upon the verdict, or to enter judgment on the motion for a directed verdict.

 The court exercised that option by discharging the jury, ordering its verdict to be recorded, entering judgment in accordance with said verdict, overruling a later motion of the defendant for judg-

ment in accordance with its prior motion for directed verdict, and overruling an alternative motion of the defendant for a new trial. The reversal on appeal of said final judgment, with a remand for further and not inconsistent proceedings, did not reinstate the motion of defendant for a directed verdict and, in the alternative, for a new trial, which motion had been overruled before the appeal was taken. It was within the discretion of the court below to allow that motion to be renewed and to rule on it, but this should not have been done without giving the parties a hearing. The plaintiff was entitled to present his objections to such procedure and to ask for a trial de novo.

In Madden Furniture v. Metropolitan Life Ins. Co., 5 Cir., 127 F.2d 837, this court held that reversal for error in refusing to direct a verdict, with a remand for further consistent proceedings, meant a new trial with an avoidance of the same errors, and that upon remand the case was open for amendment of pleadings, new and additional evidence, or any procedure not inconsistent with the opinion of the court. In Roth v. Hyer, 142 F.2d 227, this court recently held that, when a cause is reversed and remanded for further and not inconsistent proceedings, it goes back to the trial court and there stands on the issues as if the former trial had not taken place. The case of Cybur Lumber Co. v. Erkhart, 5 Cir., 247 F. 284, was correctly decided at the time, but that case as an authority has been superseded by Rule 41 (a) (2) of the Federal Rules of Civil Procedure, which provides that, except as provided in paragraph (1) of said rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

 For the errors that followed the misconstruction of the mandate, the judgment appealed from is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

3 Goldwyn Pictures Corp. v. Howells Sales Co., 2 Cir., 287 F. 100; Herzberg's, Inc., v. Ocean Acc. & Guarantee Corp., 8 Cir., 132 F.2d 438; Thornton v. Carter, 8 Cir., 109 F.2d 316, 321, and cases cited; Cyclopedia of Federal Procedure, 2nd Ed., Vol. 12, Sec. 6399.