### MOSS v. PENNSYLVANIA R. CO.

### HOOK v. NATIONAL BRICK CO.

#### Civil Actions Nos. 397 and 418.

District Court, N. D. Indiana, Hammond Division.

March 4, 1946.

In No. 397:

Owen W. Crumpacker, Frederick C. Crumpacker, Jr., and Edwin H. Friedrich, all of Hammond, Ind., for plaintiff.

F. E. Zollars and Phil M. McNagny, both of Fort Wayne, Ind. (Barrett, Barrett & McNagny, of Fort Wayne, Ind., of counsel), for defendant.

In No. 418:

Owen Crumpacker and Frederick C. Crumpacker, Jr., both of Hammond, Ind. (Crumpacker & Friedrich, of Hammond, Ind., of counsel), for plaintiff.

William Greene, of Chicago, Ill., and Robert H. Moore and Oscar B. Thiel, both of Gary, Ind., for defendant.

SWYGERT, District Judge.

Both Moss v. Pennsylvania Railroad Company and Hook v. National Brick Company were actions to recover damages for the deaths of the plaintiffs' decedents alleged to have been caused by the negli-

gence of the respective defendants, and both cases were tried by jury.

At the close of all the evidence in the Moss case, the defendant railroad company filed a motion for a directed verdict which was overruled. The jury returned a verdict for the plaintiff upon which judgment was entered. The defendant then filed a motion for a new trial and in the alternative for judgment on its motion for a directed verdict. This motion was denied.

At the close of the plaintiff's evidence in the Hook case, the defendant brick company filed a motion for a directed verdict which was overruled. The jury returned a verdict for the plaintiff. The defendant then filed a motion for a new trial and also a motion for judgment non obstante veredicto. The latter motion was overruled, and judgment was entered on the verdict.

Both of these cases were reversed on appeal. 146 F.2d 673; 150 F.2d 184. The defendants now move for judgments on the mandates, but the plaintiffs contend that they are entitled to new trials.

The only question presented is the effect of the mandates; that is, whether, in the absence of direction by the appellate court to enter judgments for the defendants, new trials should be ordered. Plaintiffs' counsel are not contending that the appellate court could not have directed judgments to be entered for the defendants on the record and under the provisions of Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Their contention is rather that the simple reversal of the judgments for the plaintiffs does not, in the absence of further mandatory directions, authorize the entry of judgments for the defendants.

In construing the mandate of the Circuit Court of Appeals, the opinion may and should be considered, Thornton v. Carter, 8 Cir., 109 F.2d 316, 319, because it is a part of the mandate. Pike Rapids Power Co. v. Minneapolis, St. P. & S. S. M. R. Co., 8 Cir., 106 F.2d 891, 894.

In both the instant cases, the appellants assigned as error the overruling of the motions for. directed verdict and the denial of the motions for judgment notwithstanding. In the Moss case, the appellate court held that as a matter of law the plaintiff's decedent was guilty of contributory negligence, and in the Hook case, it held that "the proof fails to sustain the negligence alleged in the complaint." In other words, the upper court ruled in effect that the District Court should have directed verdicts or should have granted the motions for judgment non obstante veredicto. That being so, when the Circuit Court of Appeals reverses the judgments, it is in effect saying that the rulings on the motions for judgment notwithstanding should be different than they were in the first instance.

It is my view that Rule 50(b) was included in F.R.C.P. in order that unnecessary retrials may be avoided when the trial court erroneously overrules a motion for directed verdict. In that connection, the plaintiffs argue that they should be given the opportunity to adduce additional evidence to supply the deficiency found by the appellate court or to explain away the evidence found to bar the one plaintiff's recovery. The answer is that had the District Court ruled at the trial as the Court of Appeals held it should have ruled, such opportunity as now requested could not have been afforded.

The plaintiffs have cited Madden Furniture, Inc., v. Metropolitan Life Insurance Co., 5 Cir., 127 F.2d 837, 838, as authority for their position. Although one of the alleged errors in that case was a motion for directed verdict, the motion for judgment non obstante veredicto was not assigned as error, and the appellate court pointed out in its opinion that it "did not reverse or even review the judgments of the trial judge on the motions for judgment non obstante veredicto." It further said, "The opinion mentions only the alleged errors prior to verdict." This is not the present situation. Here, the motions for judgment non obstante veredicto were assigned as error as were the motions for directed verdict, and, in my view, the appellate court reviewed the questions presented by these rulings and then reversed. Under Rule 50(b), the question of law raised by the motion for directed verdict is deemed reserved for later redetermination on a motion for judgment notwithstanding. This redetermination was made after verdict in the instant

742

cases, and thereafter the Circuit Court reversed on grounds raised by these motions. Under such circumstances, the question now before the court must be resolved against the plaintiffs.

The clerk is directed to enter judgments on the mandates in favor of the defendants.