## MOSS v. PENNSYLVANIA R. CO.
## HOOK v. NATIONAL BRICK CO.
### Nos. 9071, 9072.

Circuit Court of Appeals, Seventh Circuit.

Nov. 6, 1946.

Rehearing Denied Dec. 3, 1946.
Writ of Certiorari Denied April 7, 1947.

Owen W. Crumpacker, Jay E. Darlington and Frederick C. Crumpacker, all of Hammond, Ind., for appellants.

Fred E. Zollars, J. A. Bruggeman, and Phil McNagny, all of Fort Wayne, Ind. (Barrett, Barrett & McNagny, of Fort Wayne, Ind., of counsel), for Pennsylvania R. Co.

Robert H. Moore (of Moore, Regan & Goad), of Gary, Ind., and William Greene, of Chicago, Ill., for National Brick Co.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

PER CURIAM.

These are second appeals in cases which were before this court in 7 Cir., 146 F.2d 673 and 7 Cir., 150 F.2d 184, where the facts are fully stated. In both cases the error assigned was the overruling of a motion for a directed verdict and the denial of a motion for judgment notwithstanding the verdict. In the Moss case this court held, as a matter of law, that plaintiff's decedent was guilty of contributory negligence, and in the Hook case, that the proof failed to sustain the negligence alleged in the complaint. In both cases the opinion of the court concluded thus: "The judgment is reversed." D.C., 68 F.Supp. 740. Mandates were issued in which the District Court was commanded that "such proceedings be had in the cause, as according to right and justice, and the laws of the United States, ought to be had, the said judgment notwithstanding."

In the District Court, after the filing of the mandates, plaintiffs made no offer to produce any evidence not before heard, but each plaintiff contended that because the judgment did not embody a direction to enter judgment for defendant a new trial should be ordered. The trial judge held that he could take no action contrary to either the letter or the spirit of the mandate, as explained by the opinion; that this court in each case had decided the case on its merits, and had ruled that the District Court should have directed a verdict for the defendant or should have granted the motion for judgment notwithstanding the verdict. Accordingly he entered judgment in each case in favor of defendant.

We think the court correctly construed the opinions and mandates and properly disposed of appellants' contentions. Pike Rapids Power Co. v. Minneapolis, St. P. & S. S. M. Ry., 8 Cir., 106 F.2d 891; Baltimore & Carolina Line v. Redman, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636; Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147; Thornton v. Carter, 8 Cir., 109 F.2d 316; Lowden v. Denton, 8 Cir., 110 F.2d 274, 278; Conway v. O'Brien, 2 Cir., 111 F.2d 611, 613; Brunet v. S. S. Kresge Co., 7 Cir., 115 F.2d 713; Southern R. Co. v. Bell, 4 Cir., 114 F.2d 341; and Herzberg's, Inc., v. Ocean Accident & Guarantee Corporation, 8 Cir., 132 F.2d 438. Compare Madden Furniture, Inc., v. Metropolitan Life Ins. Co., 5 Cir.,

127 F.2d 837, in which case the overruling of the motion for judgment notwithstanding the verdict was not specified as error, and after the mandate had been filed, appellants offered to exhibit "evidence not before heard which might produce a different result."

Affirmed.