**Clarice Ann LANE, and Rusty Ann Lane, a minor,**

**v.**

**MISSOURI–KANSAS–TEXAS RAILROAD COMPANY OF TEXAS.**

**No. 15466.**

United States Court of Appeals
Fifth Circuit.

June 17, 1955.

J. Edwin Smith, Houston, Tex., Terry L. Jacks, San Marcos, Tex. (Smith & Lehmann, Houston, Tex., of counsel), for appellants.

C. E. Bryson, Houston, Tex., G. H. Penland, Gen. Sol., Missouri-Kansas-Texas R. Co. of Texas, Dallas, Tex., Vinson, Elkins, Weems & Searls, Ben H. Rice, III, Houston, Tex., for Missouri-Kansas-Texas R. Co. of Texas.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

When this cause was here before on the appeal of the present appellee,[1] this

---

1. Missouri-Kansas-Texas Ry. Co. v. Lane, 5 Cir., 213 F.2d 851.

court held that the district judge had erred in entering a judgment on the verdict for plaintiffs, the present appellants, and, so holding, reversed the judgment and remanded the cause "for further proceedings not inconsistent with this opinion".

After the return of the mandate, the defendant requested leave to file, and filed, a motion for judgment, in and by which it renewed the defendant's original motion for judgment theretofore filed on October 18, 1952, in the light of the mandate and opinion of this court. Notice of this renewed motion was served on appellants, and shortly after the filing of defendant's motion, plaintiffs filed a motion in which, opposing defendant's motion for judgment on the verdict, they moved for a trial de novo. This motion was not predicated on the claim that they had new issues to present or new evidence to offer. It was, on the contrary, predicated on the sole ground that this court having remanded the cause "for further proceedings not inconsistent with our opinion", the district judge was, under the authorities[2] they cited, bound to grant a new trial on the same pleadings and the same evidence before a different jury.

The district judge, after notice and hearing of the respective motions, entered an order[3] granting the defendant's motion for judgment upon the verdict of the jury. Reciting therein:

"After due consideration, it is the opinion of this court and this court finds that this cause has been fully developed, and that all issues of fact and of law are settled and disposed of by the verdict of the jury when such verdict is taken from the mandate and opinion of the United State Court of Appeals, and that there is no necessity for a new trial of this cause, and that defendant's Renewed Motion for Judgment should be granted and plaintiffs' Motion for Trial De Novo should be denied."

it entered judgment accordingly.

Appealing from the judgment and citing and urging the same authorities on which they relied below, plaintiffs are here insisting that the judgment must be reversed with directions to grant a new trial.

We do not think so. It is clear that under our mandate the court could have granted a new trial if it was made to appear, or he was of the opinion, that a different case could, or might be made out. It is equally clear, though, under the holdings and the teachings of the authorities,[4] that, matters standing as they did when the motions were heard,

2. Madden Furniture Inc. v. Metropolitan Life Ins. Co., 5 Cir., 127 F.2d 837; Roth v. Hyer, 5 Cir., 142 F.2d 227; Fleniken v. Great American Indemnity Co., 5 Cir., 142 F.2d 938; In re Mutual Life Ins. Co. of N. Y., 5 Cir., 188 F.2d 424.

3. This order reads as follows:
"On the Defendant's Motion for Judgment and Plaintiffs' Motion for Trial De Novo. The motion of the defendant for judgment upon the verdict of the jury returned herein on Oct. 10, 1952, is granted, and the motion for plaintiffs' trial de novo is denied. I do not construe the opinion or the mandate of the Court of Appeals as directing that a new trial be granted, and in the exercise of the discretion which I consider is vested in the trial court, the motion of the defendant for judgment on the old verdict is granted. It now appears from the holding of the Court of Appeals that the defendant was entitled to judgment on the verdict when it was received and filed. The case was fully developed in my opinion during both the first and second jury trials. I fail to see why the plaintiff is entitled to a third trial by reason of the fact that I interpreted the verdict in a light more favorable to the plaintiff than was warranted. Clerk will notify counsel. Counsel for the defendant will prepare a decree, present same to opposing counsel for approval as to form, and submit to the Court, within ten days."

4. Boston & M. R. R. v. Coppellotti, 1 Cir., 167 F.2d 201; Finn v. American Fire & Casualty Co., 5 Cir., 207 F.2d 113; Fleniken v. Great American Indemnity Co., 5 Cir., 142 F.2d 938.

it was well within his discretion to deny the motion for new trial and to enter on the verdict the judgment which, in its opinion, this court held he should have entered on it. Indeed, we think he acted wisely in doing so. The judgment is Affirmed.