**MILLER BREWING COMPANY,**
Plaintiff,

v.

**JOS. SCHLITZ BREWING CO.,**
**Defendants.**

No. 75–C–636.

United States District Court,
E. D. Wisconsin.

April 6, 1978.

Quarles & Brady by Paul Noelke, Allen W. Leiser and Ronald E. Klipsch, Milwaukee, Wis., for plaintiff; Anthony L. Fletcher of Conboy, Hewitt, O'Brien & Boardman, New York City, of counsel.

Andrus, Sceales, Starke & Sawall by Eugene R. Sawall, Milwaukee, Wis., for defendants; Beverly W. Pattishall, Lawrence S. Wick of Pattishall, McAuliffe & Hofstetter, Chicago, Ill., of counsel.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The defendant has filed a motion for partial summary judgment dismissing those counts of the plaintiff's complaint which depend upon the plaintiff's ownership of the trademark "Lite" for its beer. The defendant's motion also seeks an order directing the Commissioner of Patents and Trademarks to rectify the register by cancelling the plaintiff's registrations of "Lite." The defendant has also filed a motion to amend its answer. The motion to amend is not opposed by the plaintiff and will therefore be granted. The plaintiff has requested leave to file a rebuttal brief to answer new matters raised in the defendant's reply brief. Such request is granted, and the rebuttal brief, which has been received by the court, will be considered in the instant decision.

The portions of the amended complaint to which the defendant's motion is directed include the first two claims for relief, seeking injunctive relief and damages, respectively, for the defendant's alleged infringement of the plaintiff's registered trademark "Lite;" the third and fourth claims for relief, seeking injunctive relief and damages, respectively, for the defendant's alleged violation of the Lanham Trademark Act, 15 U.S.C. § 1125(a); and parts of the fifth and sixth claims for relief, which seek injunctive relief and damages, respectively, for various forms of common law unfair competition. The only claims of the amended complaint which would survive the defendant's motion, if granted, are the portions of claims 5 and 6 which seek injunctive relief and damages for knowingly false disparagement of the plaintiff's product.

The defendant's motion is based on alternative grounds. First, relying on the collateral estoppel doctrine of *Blonder-Tongue v.*

*University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), the defendant contends that the decision of the court of appeals for the seventh circuit in *Miller Brewing Co. v. G. Heileman Brewing Co.*, 561 F.2d 75, cert. denied, 434 U.S. 1025, 98 S.Ct. 751, 54 L.Ed.2d 772 (1977), forecloses all of the plaintiff's claims which depend upon the plaintiff's ownership of the trademark "Lite." Second, the defendant argues that it is entitled to partial summary judgment even without the benefit of the collateral estoppel doctrine based on the record in this case.

Although the plaintiff opposes summary judgment on both grounds, the parties agree that if summary judgment is granted because "Lite" is a generic term, the defendant's request for an order cancelling the plaintiff's trademark registration nos. 905,236, 929,276, and 929,277, should be granted.

In my judgment, the defendant is entitled to partial summary judgment based on the doctrine of collateral estoppel and the *Heileman* case.

The plaintiff's position is that the court of appeals' decision in *Heileman* only reversed the district court's grant of a preliminary injunction and therefore did not foreclose a trial in either the *Heileman* case or, a fortiori, in this case. From a submission of the defendant dated February 16, 1978, it appears that *Heileman* is pending before the district court on an order to show cause why judgment should not be entered for the defendant.

■ As a general rule, the decision of a district court or court of appeals at the preliminary injunction stage does not preclude further litigation of the merits of the case. However, if the court reviews the merits of the case and discovers an insuperable obstacle to the plaintiff's action, the action may be dismissed without a trial. *Mast, Foos & Co. v. Stover Manufacturing Co.*, 177 U.S. 485, 20 S.Ct. 708, 44 L.Ed. 856 (1900).

In *CES Publishing Corp. v. St. Regis Publications, Inc.*, 531 F.2d 11 (2d Cir. 1975), the court of appeals reviewed a district court's denial of a motion for a preliminary injunction in a trademark action. The district court had held that the trademark "Consumer Electronics," as applied to a trade magazine for consumers of electronic equipment, is a generic term incapable of trademark protection. The district court denied the plaintiff's motion for a preliminary injunction but declined to grant the defendant's motion to dismiss, believing that proof of secondary meaning might sustain the plaintiff's trademark claims. Finding the latter determination to be erroneous, the court of Appeals instructed the district court to dismiss the complaint with prejudice as to the federal claims, stating:

> "Although we have no jurisdiction of defendant's cross-appeal since the denial of its motions to dismiss was not a final judgment, 28 U.S.C. § 1291, it has been clear since *Smith v. Vulcan Iron Works*, 165 U.S. 518, 17 S.Ct. 407, 41 L.Ed. 810 (1897), that, as stated in *Metropolitan Water Co. v. Kaw Valley Drainage District*, 223 U.S. 519, 523, 32 S.Ct. 246, 248, 56 L.Ed. 533 (1912), 'on appeal from a mere interlocutory order, the circuit court of appeals might direct the bill to be dismissed if it appeared that the complainant was not entitled to maintain its suit.' See also *Meccano, Ltd. v. John Wanamaker*, 253 U.S. 136, 140–41, 40 S.Ct. 463, 64 L.Ed. 822 (1920)." 531 F.2d at 15.

Unquestionably, a dismissal under such circumstances is a drastic remedy and must be employed only where clearly appropriate. The question, therefore, is whether the court of appeals in *Heileman* reviewed the merits of the plaintiff's claim and found an insuperable obstacle to Miller's maintenance of the litigation.

The court's unambiguous holding confirms that Miller's trademark claims predicated on its ownership of the mark "Lite" are fatally flawed:

> "We hold that, because 'light' is a generic or common descriptive word when applied to beer, neither that word nor its phonetic equivalent may be appropriated as a trademark for beer." 561 F.2d at 77.

In its summary of trademark law the court noted that a generic or common descriptive term "cannot become a trademark under any circumstances." 561 F.2d at 79. Thus, the court's unequivocal categorization of "light" and its phonetic equivalent "Lite" as generic or common descriptive terms created an insuperable obstacle to Miller's successful prosecution of its suit.

It is significant that the court of appeals reached the merits while recognizing that the factual record in the *Heileman* suit was less expansive than the record in the case at bar:

"The record before us (although less complete than that in at least one of the other pending cases [referring, in a footnote, to this case]) and facts of which we may take judicial notice, including generally accepted English usage, enable us to conclude that 'light' is a generic or common descriptive term when used with 'beer.'" 561 F.2d at 80.

Furthermore, the court did not state that probability of success has not been established by Miller, but rather stated that "probability of success *cannot* be established." 561 F.2d at 81 (emphasis supplied). I am persuaded that the court of appeals did not merely find the district court's grant of a preliminary injunction to be erroneous, but, rather, it proceeded to reach the merits and to find a fatal impediment to the plaintiff's trademark claims predicated on the mark "Lite."

The plaintiff argues that the court of appeals in *Heileman* could not have intended to foreclose further litigation of the trademark claims without expressly dismissing those claims in its mandate. However, the mandate in *Heileman*, a copy of which has been supplied in an affidavit submitted by the defendant, reversed the district court's order "in accordance with the opinion of this court." The absence of an express order for dismissal in the court of appeals' mandate does not prevent dismissal under these circumstances. *Metropolitan Water Co. v. Kaw Valley Drainage District*, 223 U.S. 519, 523, 32 S.Ct. 246, 56 L.Ed. 533 (1912).

The remaining question, thus, is whether Miller is bound by the *Heileman* decision as to its claims in this action under the standards set forth in *Blonder-Tongue Laboratories v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). Miller contends that it is not estopped because it did not have a "full and fair opportunity to litigate" the question in *Heileman* whether "light" or "Lite" are generic terms. *Blonder-Tongue*, supra, 402 U.S. at 329, 91 S.Ct. 1434. It is urged that because the *Heileman* proceedings were at the preliminary injunction stage, Miller could not have had a *full* opportunity to litigate the question.

■ I am not convinced that the plaintiff has not had a full opportunity to present its claim. To the extent that the plaintiff's argument is premised on the purported impropriety of a dismissal of its case at the preliminary injunction stage, the argument is defeated by what has previously been stated in this decision. Moreover, the plaintiff had a full opportunity to place its position before the court of appeals in *Heileman* through briefing, oral argument, and a petition for rehearing. For these reasons, I believe that the plaintiff is estopped from maintaining the trademark claims in this action. In view of the court of appeals' determination that "light" is a generic term incapable of trademark protection, the defendant's request for an order directing the Commissioner of Patents and Trademarks to cancel the plaintiff's registrations of "Lite" will be granted pursuant to 15 U.S.C. § 1119.

There being no just reason for delay, an order will be made directing the entry of final judgment at this time.

Therefore, IT IS ORDERED that the defendant's motion for leave to file an amended answer be and hereby is granted.

IT IS ALSO ORDERED that the defendant's motion for partial summary judgment be and hereby is granted.

IT IS FURTHER ORDERED that the Commissioner of Patents and Trademarks rectify the register by cancelling trademark

registration nos. 905,236, 929,276, and 929,-277.

IT IS FURTHER ORDERED that judgment be entered dismissing the first four claims for relief and the portions of the fifth and sixth claims for relief which depend on the plaintiff's ownership of the trademark "Lite."