## HERZBERG'S, Inc., v. OCEAN ACCIDENT & GUARANTEE CORPORATION, Ltd.

### No. 12302.

Circuit Court of Appeals, Eighth Circuit.

Jan. 7, 1943.

Sam Beber, of Omaha, Neb. (Robert J. Webb, Philip M. Klutznick, Harold M. Kelley, Harold R. Lebens, and Charles F. Bongardt, all of Omaha, Neb., on the brief), for appellant.

George L. DeLacy, of Omaha, Neb. (J. A. C. Kennedy, Yale C. Holland, and R. E. Svoboda, all of Omaha, Neb., on the brief), for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from a judgment dismissing the amended complaint of the appellant, which sought a reformation of a public liability policy issued by the appellee to the appellant in 1924, and a recovery upon the policy as reformed. The parties will be referred to as plaintiff and defendant. The plaintiff (appellant) asserts that, under the evidence and the law, it was entitled to prevail.

This is the second time this case has appeared in this Court. When it was here before it was an action to recover upon the same policy which the plaintiff now seeks to have reformed. That action had

been tried to the court below without a jury. The court had entered judgment in favor of the plaintiff, and the defendant had appealed. The evidentiary facts were not in dispute and the only question for decision was whether the loss which the plaintiff had sustained—which had been occasioned by the recovery of damages from it by a patron of its store for personal injuries caused by an electrical treatment administered by a cosmetician in a beauty shop operated in the store—was excluded from the coverage of the policy by a malpractice endorsement. The court below had ruled that the loss was not caused by malpractice within the meaning of the endorsement, and had entered judgment in favor of the plaintiff for $14,843.46 and costs. This Court, with one judge dissenting, held that the loss was excluded from the coverage of the policy, by the malpractice endorsement. Ocean Accident & Guarantee Corporation v. Herzberg's, Inc., 8 Cir., 100 F.2d 171, 173. The concluding lines of the opinion of this Court are:

"The obvious error involved in the professional application of the Tricho apparatus [the electrical appliance which caused the injury to the patron], whether due to negligence or ignorance, amounted to malpractice under the terms of this endorsement. In consequence thereof appellant [defendant] is expressly not liable under its policy. The judgment below is reversed and the cause remanded to the district court for further proceedings not inconsistent herewith. It is so ordered."

The plaintiff applied to the Supreme Court of the United States for certiorari, but the application was denied. 306 U.S. 645, 59 S.Ct. 584, 83 L.Ed. 1044.

The mandate of this Court provided, in part, as follows:

" * * * it is now here ordered and adjudged by this Court, that the judgment of the said District Court, in this cause, be, and the same is hereby, reversed with costs; and that the Ocean Accident and Guarantee Corporation, Inc., a corporation, have and recover against Herzberg's, Inc., a corporation, the sum of Three Hundred Twenty-six and 30/100 Dollars for its costs in this behalf expended and have execution therefor.

"And it is further ordered by this Court that this cause be and the same is hereby remanded to the said District Court for further proceedings not inconsistent with the opinion of this Court this day filed herein."

After the mandate went down, the plaintiff moved the court below for leave to file an amended complaint and for a new trial. The court granted leave to amend. The amended complaint converted the action into one for reformation of the policy and for judgment upon the policy as reformed. The defendant made a motion to dismiss the amended complaint on the grounds that the plaintiff's cause of action for reformation of the policy was barred by the statute of limitations of Nebraska, and that the decision of this Court had adjudicated all rights of the plaintiff and that it was not entitled to proceed further. The motion to dismiss was denied. The defendant then answered, denying the existence of any facts or grounds for reformation of the policy in suit, asserting that all matters had been adjudicated by the opinion of this Court, and praying for a dismissal. After a trial, the court determined that the plaintiff was not entitled to recover, (1) because the decision of this Court was res judicata, and (2) because the plaintiff's evidence was not so clear and convincing as to justify the reformation of the policy. Judgment was entered dismissing the plaintiff's amended complaint.

 A majority of this Court thinks that, while the opinion and mandate on the former appeal of this case did not specifically direct the entry of judgment in favor of the defendant, the effect of the mandate, of which the opinion was a part (Pike Rapids Power Co. v. Minneapolis, St. P. & S. S. M. R. Co., 8 Cir., 106 F.2d 891, 894), was to require that to be done, since every issue of law and fact raised by the pleadings had then been decided, and nothing remained to be done except for the trial court to determine the costs that the defendant was entitled to recover and to enter judgment in favor of the defendant with costs. The majority is of the opinion that the former decision of this Court terminated this case for all purposes; that thereafter the complaint was not subject to amendment without express leave from this Court (compare, International Ladies' Garment Workers' Union v. Donnelly Garment Co., 8 Cir., 121 F.2d 561); and that if the amendment of the complaint had any effect at all, it constituted the commencement of a new and independent action, which, at the time the amendment was made, was barred by the

statute of limitations of the State of Nebraska. The majority regards the amendment to the complaint and the proceedings subsequent thereto as an ineffectual attempt to circumvent a decision of this Court which was completely determinative of this case. This is not a case like Northern Pacific Ry. Co. v. Van Dusen Harrington Co., D.C., 34 F.2d 786, 787, or Millers' Mut. Fire Ins. Ass'n of Illinois v. Bell, 8 Cir., 99 F.2d 289, 291, in which, after a judgment of a trial court had been reversed by this Court, issues of fact remained open and a new trial was in order.

■ In Thornton v. Carter, 5 Cir., 109 F.2d 316, 319, we pointed out that "There can be no question of the right of an appellate court of the United States when it reverses a case, to direct the entry of the proper judgment or decree in the lower court and thus terminate the litigation upon the merits, (1) in an equity case; (2) in a jury-waived case submitted upon an agreed statement of facts; and (3) in a jury-waived case in which the trial court's findings of fact are sustained by the evidence and are complete, but its conclusions of law and judgment are erroneous."

We also said in that case (109 F.2d at page 320): "A mandate is completely controlling as to all matters within its compass, but on remand the trial court is free to pass upon any issue which was not expressly or impliedly disposed of on appeal. Since, however, a final judgment upon the merits concludes the parties as to all issues which were or could have been decided (Guettel v. United States, 8 Cir., 95 F.2d 229, 230, 118 A.L.R. 1060 and cases cited), it is obvious that such a judgment of this court on appeal puts all such issues out of the reach of the trial court on the remand of the case. That court is without power to do anything which is contrary to either the letter or spirit of the mandate construed in the light of the opinion of this court deciding the case. See Goldwyn Pictures Corp. v. Howells Sales Co., 2 Cir., 287 F. 100, 102."

One member of this Court thinks that the opinion and mandate on the former appeal

did not require the entry of judgment for the defendant, since no such direction was contained in the mandate; that the trial court therefore had discretionary authority to allow the complaint to be amended; and that we should now decide this case upon the merits. Since we are all agreed that the opinion and mandate of this Court on the former appeal should have contained more specific directions to the trial court, and that, upon the merits, the defendant is entitled to an affirmance of the judgment, we shall assume, for the purposes of this opinion, that the merits of the case are properly before us for review.

■ We are satisfied that the evidence supports the finding of the trial court that, after the policy in suit was originally delivered, it was modified by mutual agreement, through the plaintiff's acceptance and attachment of the malpractice endorsement, and that therefore the basic right to reformation was not sufficiently established.

The defendant's evidence showed that the officer of the plaintiff, who had in charge the matter of procuring the insurance, had read over the malpractice endorsement and had placed his signature below the word "Accepted" on the face of the rider, before it was attached to the policy. It further appeared that this had been done at the specific request of the defendant, after the defendant discovered from the daily report of its agent, sent in at the time the policy was issued, that the store of the plaintiff contained a beauty parlor department. The agent testified that he explained to the plaintiff's officer that "when the Home Office received the daily report they noticed a beauty parlor among the insureds and they sent these Malpractice Endorsements out to be signed because the Ocean does not write malpractice insurance."

The trial court credited this evidence, as it had a right to do; and, under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, we must, on the record before us, accept the trial court's finding and conclusion in the situation as not being "clearly erroneous."

The judgment is therefore affirmed.