## GOEPFERT v. CITY OF BEACH.

### No. 13217.

Circuit Court of Appeals, Eighth Circuit.
April 11, 1946.

Alan L. Austin, of Watertown, S. D., for appellant.

H. A. Mackoff, of Dickinson, N. D. (John Keohane, of Beach, N. D., on the brief), for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

On the former appeal of this case this court considered the pleadings, the evidence and the findings and conclusions of the trial court and rendered its opinion (147 F.2d 480, 483) declaring that the cause of action asserted against the City by the plaintiff (holder of special improvement warrants issued by the City) was barred by the North Dakota six-year statute of limitations. We pointed out that the plaintiff's action was not to establish or enforce any liability on the special im-

provement assessments or funds out of which the plaintiff's warrants are payable by their terms, but was to establish and enforce general liability of the City to pay the damages alleged to have accrued to the plaintiff in the amount of his warrants by reason of the City's negligent breach of contract and of duty imposed by law, and we said "the findings are that every breach of its contract or statutory duty committed by the City, proven and relied on, occurred more than six years before the commencement of this action." As to the findings, we stated that "the facts were shown by documentary evidence or by stipulation, and none of the findings is directly assailed". The record before us was that the findings were submitted by plaintiff's attorney at the court's direction and were in conformity with the plaintiff's claims. In reversing the judgment appealed from and disposing of the appeal we did not in specific terms order dismissal of the action but the notation at the foot of the opinion was "Reversed and remanded." Thereafter the District Court awarded judgment and execution for costs against the plaintiff and dismissed the action.

The plaintiff has taken this appeal to have the dismissal reversed and contends that his action was not fully disposed of on the former appeal and that the District Court should have permitted him to amend his complaint and should have accorded him a retrial. He presents here, as he did to the District Court, that on such retrial he will offer evidence and expect findings (1) that the City committed breaches of its contract and statutory duties in 1938 and 1939 within the six year period before commencement of the action in 1943, in that he will show that the City did not make the certifications of unpaid installments of assessments which it was required to make in 1934 and 1935 as necessary conditions precedent to enable it to obtain tax deeds in 1938 and 1939 and therefore the City must be deemed to have committed the breaches consisting of failure to obtain the tax deeds in the years 1938 and 1939 and within the limitations period. (2) He will also show that money was collected and in the fund available for the payment of certain of his warrants. (3) Also that since the decision of this court he has made demand upon the City to take proceedings to create improvement districts and levy valid assessments and make certain certificates as it should have done many years ago, and he will ask the court to take ju-

risdiction to order the City to do what it should then have done to provide funds to discharge the warrants.

It is well settled that where this court has decided all of the issues of fact and law in a case appealed to it, and has left nothing to be done by the trial court except to determine the costs, the case should be dismissed without leave to amend or retrial of the case, even though the opinion may not specifically order such dismissal in express terms. This court has the power to finally dispose of a case where jury trial has been waived, as in this instance, if the trial court's findings of fact are found to be sustained by the evidence and are complete, and the trial court may not proceed in any way contrary to the letter or intendment of this court's declaration. If we have decided all the issues of law and fact against the plaintiff, our decision has concluded the parties as to all such issues and put any retrial out of the reach of the trial court on the remand of the case.

(1) The declaration of the former opinion that the cause of action asserted by the plaintiff was barred by the statute was unequivocal and we think it clear that it was not left open to the trial court to reopen the case at the plaintiff's instance to relitigate that question. The amendment which the plaintiff has proposed presents a state of facts bearing on the question of the running of the statute which is substantially reflected in and fairly to be inferred from the findings which were fully considered by this court. Those findings showed all of the City's breaches of contract and statutory duty and the court was required to and did relate them to the statute. The conclusion that the statute had run was final.

(2, 3) Neither was it open to the trial court to accede to plaintiff's proposal (2) to amend and show that there was money in special improvement funds available for the payment of certain of his warrants, nor (3) to amend and pray for mandatory relief. On the trial of the first appeal the court found it necessary to carefully define the scope of the plaintiff's action as he had alleged it and adduced his proof in support of it. The opinion included the declaration as to plaintiff's action that plaintiff had "abandoned the special fund and seeks to hold the municipality to a general liability," and so it is apparent that both the proposed amendments contemplate the trial of an independent and different

case from that which had been tried and adjudicated.

We think the decision of this court in Herzberg's, Inc., v. Ocean Acc. & Guarantee Corp., 132 F.2d 438, 441, is conclusive against such procedure. There a suit on a public liability policy resulted in decision by this court that the loss was excluded from the policy's coverage and the cause was remanded for further proceedings not inconsistent with the opinion. On the second appeal this court held that the trial court should have dismissed the action without permitting plaintiff to make an amendment by which it converted its action into one for the reformation of the policy and for judgment on the policy as reformed. The majority of the court considered that the first decision terminated the case for all purposes and that the trial court could not open it up to hear another and independent action, and we think these proposals for amendment and further proceedings which the plaintiff made in this case after our decision tend equally with those of the plaintiff in Herzberg's case "to circumvent a decision of this Court which was completely determinative of this case."

We did not deem it necessary in the former appeal of this case, and we do not now deem it necessary, to go outside of the case before us to speculate upon the general situation of the plaintiff as holder of the special improvement warrants. Several different actions have been brought in respect to them and more than a third of a century has elapsed since they were issued. We think that every issue of fact and law presented in this case was considered on the first appeal and that our decision that the action was barred required the dismissal which the trial court ordered.

Affirmed.