## SWALLEY v. ADDRESSOGRAPH–MULTI-GRAPH CORPORATION.

### No. 9505.

Circuit Court of Appeals, Seventh Circuit.
June 2, 1948.

Rehearing Denied July 13, 1948.

Harry B. Cohen, of Birmingham, Ala., for appellant.

. Philip M. Aitken, of Lincoln, Neb., and Oliver R. Barrett, of Chicago, Ill. (Daily, Dines, White & Fielder, of counsel), of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and STONE, District Judge.

MINTON, Circuit Judge.

This is an appeal from a judgment of the District Court of June 24, 1947, that the plaintiff take nothing by his suit and that the defendant recover from the plaintiff its costs to be taxed by the clerk. This judgment was entered following a judgment of this Court reversing the District Court's judgment in favor of the plaintiff, denial of certiorari by the Supreme Court, and a mandate and opinion from this Court filed thereafter.

As to the merits of this cause, the facts are set forth in our first opinion, Swalley v. Addressograph-Multigraph Corp., 7 Cir., 158 F.2d 51, 54. We concluded that opinion in these words: "Since an erroneous construction was placed upon this contract by the trial court, the judgment is reversed and the cause remanded to the District Court for proceedings in accordance with this opinion." The mandate of this Court read: "Reversed, with costs, and that this cause be, and the same is hereby, remanded to the said District Court for further proceedings in accordance with the opinion of this Court filed this day."

The plaintiff then filed in this Court a motion first, to clarify the mandate so as to confer jurisdiction upon the District Court to grant a new trial; and secondly, to modify the mandate so as to confer jurisdiction upon the District Court and to direct the District Court to grant a new trial. We denied this motion, and the District Court entered the judgment of June 24, 1947.

On June 27, 1947, the defendant presented to the clerk a verified bill for costs and gave notice that on July 1, 1947, it would make application to tax the costs. On July 2, 1947, the plaintiff answered objecting to the taxing as costs of the premiums paid by the defendant for a supersedeas bond. On July 2, 1947, the clerk taxed the costs as presented in the verified bill of the defendant, in the total sum of $4,269.33. On July 7, 1947, the plaintiff filed a motion with the court to retax the costs. The defendant filed a countermotion that the court tax the costs as entered by the clerk, and that it have judgment therefor.

On September 10, 1947, the District Court overruled the plaintiff's motion to retax the costs, sustained the defendant's motion, and entered judgment for the same amount which the clerk had taxed. The plaintiff gave notice of appeal from the judgment of June 24, 1947, but not from the judgment of September 10, 1947.

Two questions are presented: First, did the District Court correctly interpret our mandate or should it have granted the plaintiff a new trial; secondly, were the premiums for the supersedeas bond properly taxed as costs.

■ As to the first question, it is well settled that the opinion of this Court was a part of the mandate. In re Sanford Fork & Tool Co., 160 U.S. 247, 256, 16 S.Ct. 291, 40 L.Ed. 414; Pike Rapids Power Co. v. Minneapolis, St. P. & S. S. M. Ry. Co., 8 Cir., 106 F.2d 891.

■ The appeal to this Court in the first cause was from a judgment of the District Court after a trial at which a jury had been waived and in which the court had made findings of fact and stated its conclusions of law thereon. The findings of fact fully sustained the allegations of the complaint and were practically undisputed.

We did not disturb the findings of fact. We disagreed with the District Court as to a proposition of law, namely, the construction of the contract sued upon. The District Court was reversed for that reason and that only. There was no question of fact involved, nor did we rule on the admissibility or non-admissibility of the evidence, and, as the case was tried to the court, there was no question on instructions. The fact-finding process was in no manner affected. Where, as here, the cause is tried by the court, a jury having been waived, and the court makes findings of fact which fully cover the allegations of the plaintiff's complaint and which findings are sustained by the evidence and are in no manner disturbed on appeal and only a question of law is decided, upon remand there is nothing left to try, and the District Court properly entered judgment that the plaintiff take nothing by his complaint and that the defendant recover its costs. Goepfert v. City of Beach, 8 Cir., 154 F.2d 743; City of Orlando v. Murphy, 5 Cir., 94 F.2d 426; Wenborne-Karpen Dryer Co. v. Cutler Dry Kiln Co., D. C., 21 F.2d 692.

In such a case, the only proceeding the District Court could have taken was to enter the judgment it entered upon our mandate. We did not by our mandate order a new trial; in fact, we declined to do so when we overruled the plaintiff's motion to modify and clarify our mandate. In this kind of a case, tried without the intervention of a jury, where the findings of fact are in no manner disturbed and only a question of law decided, we undoubtedly have the power to direct the District Court to enter the very order which it entered in this cause. Thornton v. Carter, 8 Cir., 109 F.2d 316, 319; Consolidated Products Co. v. Blue Valley Creamery Co., 8 Cir., 97 F.2d 23. This we did not specifically do, but our opinion and mandate left no discretion to the District Court to do other than it did do. If the District Court had any discretion in the matter, which we do not think it had, the plaintiff did not invoke the discretion of the District Court by tendering any amended pleadings to that court as the basis for granting him a new trial. Indeed, it has been held in a case similar to this one that the granting of a new trial even after

the tender of amended pleadings was contrary to the mandate and therefore error. Herzberg's Inc. v. Ocean Accident & Guarantee Corporation, Ltd., 8 Cir., 132 F.2d 438. The District Court correctly applied the mandate of this Court.

As to the taxing as costs of the premiums paid upon the supersedeas bond, the defendant contends that since the judgment for costs was finally entered on September 10, 1947, and no appeal from that judgment was taken, that question is not before us; and further, if the question were before us, the District Court properly taxed the costs in accordance with its own Rule 20.

The order of June 24, 1947, appealed from gave judgment that the plaintiff take nothing and that the defendant "recover from the plaintiff its costs to be taxed by the clerk * * *." On July 2, 1947, after due notice to the plaintiff, the clerk taxed the costs at $4,269.33, which included the premiums on the supersedeas bond. The clerk's taxing of the costs was a mere ministerial act in carrying out the court's order. The proceeding to re-tax was not a new and separate proceeding but was a step in the proceedings as to the costs pursuant to the judgment of June 24, 1947, and action by the court on the motion to re-tax related back to that judgment and became a part thereof. The judgment of September 10, 1947, re-taxing the costs confirmed the costs taxed by the clerk and was entered pursuant to the judgment of June 24, 1947, which is the judgment appealed from. The question is properly before us as to the taxing of costs, since the appeal from the judgment of June 24, 1947, brought up with it the costs thereby settled. French v. Jeffries, et al., 7 Cir., 161 F.2d 97, 99.

The premiums were taxed as costs pursuant to Rule 20 of the District Court which reads as follows:

"Rule 20. Bond Premiums—Taxable as Costs. If costs shall be awarded by the court to either or any party then the reasonable premiums or expense paid on all bonds or stipulations or other security given by that party in that suit shall be taxed as a part of the costs of that party."

It has long been settled, and is not disputed here, that the District Court has the power to establish by its rules what expenditures may be taxed and allowed as costs. Williams v. Sawyer Bros., Inc., 51 F.2d 1004, 1005, 81 A.L.R. 1527.

Rule 20 clearly authorized the taxing of the premiums paid by the defendant for the supersedeas bond. The amount of the premiums was high, but the judgment whose payment it insured, if upheld on appeal, was $77,328.65. The reasonableness of the premiums is not questioned and could not be on this record.

The plaintiff has cited several old cases which held that premiums paid for appeal bonds and cost bonds could not be taxed as costs, but in each of these cases the court held that the reason that they could not be taxed as costs was because there was no authority therefor by statute, decision, or rule of court. Here we have a rule that clearly authorizes the taxing as costs of the premiums paid, and this rule is controlling.

We find no error, and the judgment of the District Court is affirmed.