United States Court of Appeals,

Fifth Circuit.

No. 91-1989.

Constance CARTER, etc. et al., Plaintiffs,

Protective Insurance Company, Intervening Plaintiffs-Appellants,

v.

GENERAL MOTORS CORPORATION and Eaton Corporation, Defendants-Appellees.

Feb. 8, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before DAVIS and JONES, Circuit Judges, and PARKER,[1] District Judge.

W. EUGENE DAVIS, Circuit Judge:

Protective Insurance Company appeals the district court's award of costs against it as intervenor in an unsuccessful products liability suit brought by a workers' compensation beneficiary. We conclude that Protective timely appealed the award of costs, but that the appeal lacks merit.

I.

Plaintiffs Constance Carter and others ("the Carters") brought this diversity products liability action against General Motors Corporation ("GM") and Eaton Corporation ("Eaton") following the death of W. Bruce Carter, Constance Carter's husband, in a truck accident. Protective Insurance Company, which provided workers' compensation coverage to Bruce Carter's employer, intervened in the lawsuit. After a full trial, the jury found that although the truck's drive axle housing was defective, the defect did not cause Bruce Carter's fatal accident. The district court then entered a take-nothing judgment against the Carters and Protective and taxed costs against the Carters.

Upon the defendants' motion, the court amended its judgment to assess costs jointly and severally against both the Carters and Protective. Protective now appeals that amended judgment, arguing that Texas law prohibits an award of costs against a workers' compensation carrier who intervenes in a third-party action.

_____

[1]Chief Judge of the Eastern District of Texas, sitting by designation.

## II.

This court must first determine whether Protective timely appealed the award of costs. We consider the following sequence of events:

> July 8, 1991—District court issued its Amended Judgment imposing joint and several liability for costs on Protective and the Carters;

> July 17, 1991—Protective served its Motion to Reconsider and/or Amend the July 8 judgment.

> August 15, 1991—District court denied Protective's Motion to Reconsider.

> September 11, 1991—GM filed its bill of costs with the clerk.

> September 13, 1991—Protective filed its notice of appeal from the July 8 judgment and the August 15 order denying its motion to reconsider.

> September 26, 1991—Clerk taxed costs in the amount of $10,413.

A notice of appeal must be filed within thirty days after a final judgment or order. Fed.R.App.P. 4(a)(1). A Rule 59(e) motion to alter or amend a judgment suspends the time for filing an appeal until thirty days after the court decides the motion. Fed.R.App.P. 4(a)(4); Fed.R.Civ.P. 59(e).

Protective argues that this appeal, filed more than thirty days after the court's amended judgment holding Protective liable for GM's costs, is nonetheless timely because the Motion to Reconsider and/or Amend was a Rule 59(e) motion that suspended the time for appeal. Thus, under Protective's analysis, the fate of this appeal turns on whether Protective's motion to reconsider the award of costs was a Rule 59(e) motion.

A motion requesting costs is predicated on Rule 54(d), rather than Rule 59(e). *Buchanan v. Stanships, Inc.,* 485 U.S. 265, 268, 108 S.Ct. 1130, 1131, 99 L.Ed.2d 289 (1988). Such a motion " "does not imply a change in the judgment, but merely seeks what is due *because* of the judgment.' " *White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 452, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982) (quoting *Knighton v. Watkins,* 616 F.2d 795, 797 (5th Cir.1980)). This circuit has held that a motion to correct or supplement an award of costs is " "uniquely separable from the cause of action to be proved at trial' " and thus is not a Rule 59(e) motion. *Echols v. Parker,* 909 F.2d 795, 799 (5th Cir.1990) (quoting *White,* 455 U.S. at 452, 102 S.Ct. at 1166).

However, we need not decide how to characterize Protective's motion to reconsider, because we find that Protective's appeal was timely on other grounds. The district court taxed costs against the Carters and Protective on July 8, 1991, but did not specify the amount. We have held that a judgment holding a party liable for fees or costs, but deferring a decision on the amount of the award, is not final. *Echols v. Parker,* 909 F.2d at 798. The court's order imposing costs did not become final until the clerk fixed the amount of those costs on September 26. The time for appeal began to run on that date.

Protective's notice of appeal, filed on September 13, was therefore premature. However, that is not fatal. In *Alcom Electronic Exchange, Inc. v. Burgess,* we held that "a notice of appeal filed before the announcement of a final judgment is valid where no post-judgment or post-trial motions, as set forth in Rule 4(a)(4), have been filed." 849 F.2d 964, 967 (5th Cir.1988). Because no Rule 59(e) motions "as set forth in Rule 4(a)(4)" were pending when it filed its notice of appeal, Protective's premature appeal was effective.

Finally, GM argues that Protective is foreclosed from filing this appeal because it did not first object to GM's bill of costs in the district court. *See Prince v. Poulos,* 876 F.2d 30, 33-34 (5th Cir.1989) (party against whom clerk had automatically assessed costs waived any challenge to the costs on appeal by failing to object in district court). We disagree. On appeal, Protective challenges only its liability for costs, not the amount of the costs incurred by GM. Protective was not required to seek district court review of the clerk's taxation of costs to appeal its liability for costs, because that court had already determined Protective's liability. A Rule 54(d) challenge to the amount assessed by the clerk would have been pointless. We conclude that Protective's appeal is timely.

III.

We now address the merits of Protective's challenge to its liability for costs. Essentially, Protective contends that the district court misapplied Texas substantive law in this diversity case. Protective argues that a provision of the Texas Workers' Compensation Laws prohibits an award of

costs against a workers' compensation carrier who intervenes in the employee's third-party lawsuit.[2] According to Protective, the Texas rule is substantive and therefore trumps Federal Rule 54(d), which permits the taxation of costs against an intervenor.[3] In the alternative, Protective argues that, even if Rule 54(d) applies, the district court abused its discretion in awarding costs against it.

A.

In this diversity action, we apply state substantive law and federal procedural law. *Cates v. Sears, Roebuck & Co.,* 928 F.2d 679, 687 (5th Cir.1991) (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965)). "Whether a particular provision is substantive or procedural for Erie purposes is determined by looking to the "twin aims' of the Erie doctrine:  the discouragement of forum shopping and the avoidance of the inequitable administration of the laws." *Herbert v. Wal-Mart Stores, Inc.,* 911 F.2d 1044, 1047 (5th Cir.1990).

The Texas statute at issue here is silent as to an intervening insurer's liability for costs when the beneficiary loses its third-party action.  A Texas appeals court has held that this statute therefore "does not authorize a trial court to tax costs against a workers' compensation carrier intervenor in a third party action." *Steenbergen v. Ford Motor Co.,* 814 S.W.2d 755, 762 (Tex.Ct.App.1991) (reversing an award of costs against a compensation carrier who intervened in an unsuccessful wrongful death action), *cert. denied,* --- U.S. ----, 113 S.Ct. 97, 121 L.Ed.2d 58 (1992).  We must decide whether the Texas rule governing costs is substantive or procedural.

In *Cates v. Sears, Roebuck,* this court was faced with a conflict between Louisiana and federal law governing expert witness fees.  While "Louisiana courts routinely allow additional compensation for expert witnesses" under a Louisiana statute, the federal statute, 28 U.S.C. § 1821(b), limits expert

---

[2]Tex.Rev.Civ.Stat.Ann. art. 8307, sec. 6a (West 1985) (repealed 1991) (current version at Tex.Rev.Civ.Stat.Ann. art. 8308-4.05 (West Supp.1992)).

[3]Rule 54(d) provides, in relevant part:

> Except when express provision therefor is made either in a statute of the United States or these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs....

witnesses to a daily stipend plus mileage. *Cates,* 928 F.2d at 688. We declined to apply Louisiana law with respect to expert witness fees because there was no "express indication from the Louisiana legislature, or its courts, of Louisiana's special interest in providing litigants with recovery of expert witness fees in redhibition cases...." 928 F.2d at 689. We held that, absent such an indication of a special state interest, "no violence is done to the twin aims of the Erie doctrine by the application of federal procedural provisions to the taxing of costs, including expert witness fees." *Id.*

We reach the same conclusion in this case. Protective relies on *Steenbergen* to argue that Texas has an explicit interest in shielding compensation carriers from costs. Although part of "an exact compensation scheme," the Texas statute "is silent as to costs where no recovery is had." *Steenbergen,* 814 S.W.2d at 762. *Steenbergen* merely held that art. 8307 "does not authorize" a court to order an intervenor to pay costs, because "[a] court cannot judicially amend a statute, adding words not implicitly contained in the language of the statute." *Id.* at 762. We do not interpret the statute's silence as an "express indication" of the state's "special interest" in shielding workers' compensation carriers from liability for costs. As in *Cates,* we find that the Federal Rules displace the Texas statute to the extent that it may limit the district court's Rule 54(d) discretion to award costs.

We note that several other circuits and commentators share our conclusion that federal procedural law ordinarily governs the award of costs in diversity cases. Professors Wright, Miller, and Kane note that applying federal law does not violate the Erie doctrine, because "[v]ariations between state and federal practice in the assessment of costs after the case has been disposed of do not appear likely to promote forum shopping or to affect "the outcome of the litigation' in any significant way." 10 Charles A. Wright et al., *Federal Practice and Procedure* § 2669 (2d ed. 1983). *See also* 6 James W. Moore et al., *Moore's Federal Practice* ¶ 54.70(5) (2d ed. 1992) ("State law cannot limit the discretionary power vested in the district courts by Rule 54(d)"); *Bosse v. Litton Unit Handling Sys.,* 646 F.2d 689, 695 (1st Cir.1981); *In re Merrill Lynch Relocation Management, Inc.,* 812 F.2d 1116, 1120 n. 2 (9th Cir.1987); *Chaparral Resources, Inc. v. Monsanto Co.,* 849 F.2d 1286, 1291-92 (10th Cir.1988); *Kivi v. Nationwide Mut. Ins. Co.,* 695 F.2d 1285, 1289 (11th

Cir.1983).

B.

Finally, Protective argues that, even if Rule 54(d) applies, the district court abused its discretion in holding Protective liable for costs, because Protective's intervention did not increase GM's costs. The district court has wide discretion in awarding costs, and we will not disturb its decision absent a clear showing of abuse of discretion. *Sidag Aktiengesellschaft v. Smoked Foods Products Co.,* 854 F.2d 799, 801-02 (5th Cir.1988). Protective has failed to make such a showing. Although an intervenor's relative inactivity in a lawsuit may influence a court's exercise of its discretion, we cannot say that the district court here abused its discretion in imposing joint and several liability for costs on Protective and the Carters.

The judgment of the district court is AFFIRMED.