Toyotsugu **Tanki**,
Plaintiff/Appellee,

v.

**S.N.E. Saipan Company, Ltd.**,
Defendant/Appellant.
Appeal No. 93-021
Civil Action No. 92-0940
Decision and Order
November 17, 1993

Argued and Submitted October 26, 1993

Counsel for appellee: Theodore R. Mitchell & Jeanne H. Rayphand, Saipan.

Counsel for appellant: James H. Grizzard, Saipan.

BEFORE: DELA CRUZ, Chief Justice, and VILLAGOMEZ and ATALIG, Justices.

PER CURIAM:

Toyotsugu Tanki ("Tanki") moves to dismiss the appeal taken by S.N.E. Saipan Co., Ltd. ("S.N.E."), on the ground that the notice of appeal is defective and this Court, therefore, lacks jurisdiction. We agree, in part, and grant the motion challenging the fees and costs taxed by the clerk on April 23, 1993, and affirmed by the trial court on May 18, 1993, after the notice of appeal had been taken.

## I. PROCEDURAL BACKGROUND

This case is an action for breach of a lease agreement. The trial court entered summary judgment in favor of Tanki on April 1, 1993. The judgment awarded damages for the breach, as well as for "costs and attorney's fees." The clerk thereafter issued a "Taxation of Costs" on April 23, 1993, pursuant to Com. R. Civ. P. 54(d).

S.N.E. filed a "Motion for Review of Taxed Costs and Fees" on April 30, 1993. On the same day, it filed a notice of appeal from the "April 1, 1993" judgment. The court's order on the motion to review the costs taxed by the clerk was entered on May 18, 1993.[1] No separate appeal was taken from this order.

S.N.E. is not challenging the April 1, 1993, summary judgment order awarding fees and costs. Rather, it is appealing the clerk's April 23, 1993, taxation of costs and the trial court's May 18, 1993, order which affirmed the amount of fees and costs assessed by the clerk.

## II. DISCUSSION

■ Our appellate jurisdiction is ordinarily limited to review of final judgments and orders appealed pursuant to Com. R. App. P. 3. *Commonwealth v. Hasinto*, 1 N.M.I. 377 (1990); 1 CMC § 3102(a).

Tanki makes two arguments in favor of dismissal of the appeal. The first is that the appeal from the April 1, 1993, summary judgment was not from a final judgment because the amount of costs and fees had not been determined at the time the notice of appeal was filed. Therefore, the notice of appeal was premature and this Court lacks jurisdiction over the appeal. Tanki admits that this argument was rejected in *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S. Ct. 1717, 100 L. Ed. 2d 178 (1988), as to the issue of attorney's fees, but urges us to adopt a contrary position. We decline to do so.

■ We agree with the rationale of *Budinich* that the finality of a judgment is not dependent upon a determination of the collateral issue of attorney's fees. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.*, 486 U.S. at 199, 108 S. Ct. at 1720, 100 L. Ed. 2d at 183. *Budinich* held that as "a general matter," a claim of attorney's fees is not part of the merits because such "an award does not remedy the injury giving rise to the action, and indeed is often available to the party defending against the action." *Id.*, 486 U.S. at 200, 108 S. Ct. at 1721, 100 L. Ed. 2d at 184.

■ For the same reasons, we also agree with the Court in *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268, 108 S. Ct. 1130, 1132, 99 L. Ed. 2d 289, 294 (1988) (per curiam), that a request for costs "raises issues wholly collateral to the judgment in the main cause of action."[2] A "judgment is final despite the fact that court costs incurred in the case have not yet been fixed." *Vargas v. Hudson Cty. Bd. of Elections*, 949 F.2d 665, 670 (3d Cir. 1991), citing *Buchanan*, 485 U.S. at 268-70, 108 S. Ct at 1131-1132, 99 L. Ed. 2d at 293-94.

■ Tanki distinguishes *Budinich* from this case on grounds that *Budinich* concerned a statutory grant of fees to the prevailing party, whereas here we are concerned

---

[1] The court reviewed the clerk's taxation of costs and fees and entered an order that Tanki recover costs in the amount of $5,884.84 and attorney's fees in the amount of $10,114.50, for a total of $15,999.34. The trial court awarded $1,305 more in attorney's fees than the amount set forth in the clerk's taxation of costs. We note, however, that the clerk was only empowered to tax costs pursuant to Com. R. Civ. P. 54(d), not attorney's fees.

[2] *Buchanan* held that a prevailing party's motion for costs filed as a Fed. R. Civ. P. 59(e) motion (to alter or amend a judgment) actually constituted a Fed. R. Civ. P. 54(d) motion and thereby did not render ineffective a notice of appeal filed prior to the disposition of that motion. The Court reasoned that a request for costs is "wholly collateral" to the judgment, and thus for purposes of perfecting an appeal the judgment was final prior to the time costs were awarded.

with a contractual entitlement of fees and costs to the prevailing party.[3] We see no legal distinction for purposes of our analysis, and we find that the April 1, 1993, summary judgment was a final judgment and was timely appealed.

■ Alternatively, Tanki argues in favor of partial dismissal of the appeal. Tanki asserts that S.N.E. failed to properly notice an appeal from the April 23, 1993, and May 18, 1993, orders taxing costs and fees. Therefore, Tanki concludes, we have no jurisdiction to review those orders. We agree.

Com. R. App. P. 3(c) states that a "notice of appeal . . . shall designate the judgment, order or part thereof appealed from." S.N.E. designated the April 1, 1993, summary judgment in its notice of appeal. The notice did not designate the clerk's April 23, 1993, taxation of costs or indicate that S.N.E. had filed a motion challenging the clerk's action. S.N.E. did not file a second notice of appeal designating either the April 23, 1993, or the May 18, 1993, orders.

S.N.E. makes a blanket assertion that the April 23, 1993, and May 18, 1993, orders somehow "merged" into the April 1, 1993, order for purposes of the notice of appeal filed on April 30, 1993.[4] Based on the authority we have considered, we conclude that the April 30, 1993, notice of appeal does not give us jurisdiction to review the attorney's fees taxed after the entry of the summary judgment. *Quave v. Progress Marine*, 912 F.2d 798, 801 (5th Cir. 1990), *cert. denied*, 500 U.S. 916, 111 S. Ct. 2012, 114 L. Ed. 2d 99 (1991) (dismissing appeal of attorney's fees award entered after notice of appeal had been filed); *Terket v. Lund*, 623 F.2d 29, 33 (7th Cir. 1980) ("[W]hen an award of attorney's fees is made after judgment is entered on the merits, a notice of appeal specifying an appeal from the order awarding attorney's fees is required"); *see also Durango Ass'ns., Inc. v. Reflange, Inc.*, 912 F.2d 1423, 1425 (Fed. Cir. 1990) (appellate jurisdiction is limited to the judgment or orders designated in the notice of appeal).

■ We now turn to the related issue of whether we have jurisdiction to review that portion of the post-judgment orders of April 23, 1993, and May 18, 1993, taxing costs despite S.N.E.'s failure to challenge the award in a subsequent notice of appeal. There is a case supporting S.N.E.'s position. But, we decline to follow it and hold that we lack jurisdiction to review the matter.

In *Swalley v. Addressograph - Multigraph Corp.*,

168 F.2d 585 (7th Cir. 1948), the court held that the clerk's taxing of costs was a "mere ministerial act" in carrying out the court's order. It stated also that the "proceeding to re-tax was not a new and separate proceeding but was a step in the proceedings as to the costs pursuant to the judgment . . . and action by the court on the motion to re-tax related back to that judgment and became a part thereof." *Id.* at 587. Accordingly, failure to file and serve a separate notice of appeal did not preclude the court from reviewing the cost award.

While *Buchanan* and its progeny do not address the precise issue before us (whether a notice of appeal which perfects the appeal of a judgment also perfects the appeal of a later-entered order taxing costs made pursuant to that earlier-entered judgment), we believe that its reasoning taken one step further does. *Buchanan* implicitly rejects the theory that a request for costs are "part" of the judgment by holding that costs are "wholly collateral" to the judgment, i.e., unrelated to the determination of the merits of the action. Fed. R. Civ. P. 54(d) and 58 ("[e]ntry of judgment shall not be delayed for the taxing of costs") are consistent with this position, for these rules "divorce the process of entering judgment from that of determining and assessing the costs." *Buchanan*, 485 U.S. at 269, 108 S. Ct. at 1132, 99 L. Ed. 2d at 294. Moreover, like an award of attorney's fees, costs generally are awarded to the "prevailing party" and do not "remedy the injury giving rise to the action." We see no reason to treat an order taxing attorney's fees differently from an order taxing costs for purposes of noticing an appeal.

■Next, Com. R. Civ. P. 54(d) does not provide any deadline in which a prevailing party may tax costs. The prevailing party may tax costs immediately after judgment, during the pendency of an appeal or even after judgment has been affirmed on review.[5] A rule allowing a party to challenge the taxation of costs based on a notice of appeal filed, for example, months before the collateral issue of costs has been determined would be unsound.

Our conclusion is supported by the reasoning of the Fifth Circuit in *Carter v. General Motors Corp.*, 983 F.2d 40, 42 (5th Cir. 1993):

> The district court taxed costs against the Carters and Protective on July 8, 1991, but did not specify the amount. We have held that a judgment holding a party liable for fees or costs, but deferring a decision on the amount of the a-

---

[3] The parties did not cite *Buchanan* in their briefs, nor did they address the case at oral argument.

[4] S.N.E. has failed to provide any authority to support this proposition.

---

[5] "District courts award costs and attorney's fees while the courts of appeals consider the merits . . . this happens everyday." *Apostol v. Gallion*, 870 F.2d 1335, 1337 (7th Cir. 1989).

ward, is not final. *Echols v. Parker*, 909 F.2d at 798.[6] The court's order imposing costs did not become final *until the clerk fixed the amount of those costs* on September 26. The time for appeal began to run on that date.

(Emphasis added.)[7]

■ In *Carter*, the appellant attacked the propriety of the order awarding costs, not the amount taxed. However, where the appellant challenges the amount of costs taxed, as here, the order is not final, but interlocutory in nature, until the trial court rules on a motion to review the action of clerk pursuant to Com. R. Civ. P. 54(d). Otherwise, any objection to the amount taxed is waived. *Carter*, 983 F.2d at 42, citing *Prince v. Poulos*, 876 F.2d 30, 33-34 (5th Cir. 1989).

■ Finally, we disagree with *Swalley's* implication that the trial court's role in reviewing costs is to "confirm[]" the "ministerial" action of the clerk. *Swalley*, 168 F.2d at 587. The trial court must exercise its sound discretion in reviewing a clerk's taxation of costs. The trial court's discretion must be exercised with due regard for the facts and circumstances of each case. The trial court is vested with similar discretion in awarding attorney's fees. We see no distinction between the two collateral awards of costs and attorney's fees for purposes of vesting appellate jurisdiction.

Because the issue of costs is distinct from the summary judgment earlier entered, a separate notice of appeal from the subsequent order taxing costs is required. The clerk's April 23, 1993, taxation of costs and attorney's fees became final on entry of the trial court's May 18, 1993, order. A notice of appeal from that order should have been filed within thirty days of May 18, 1993. Since no notice of appeal was filed, we lack

jurisdiction to review the taxation of costs and attorney's fees.

It is therefore **ORDERED** that the orders pertaining to attorney's fees and court costs taxed by the court are not properly before us, since those orders were not appealed. We, therefore, have no jurisdiction to review these orders.

It is **FURTHER ORDERED** that Tanki's appellee's brief on the other issues shall be served and filed thirty days from the date of this order, and S.N.E.'s reply shall be served and filed fourteen days after service of Tanki's brief.

---

[6] *Echols v. Parker*, 909 F.2d 795, 798 (5th Cir. 1990), the case relied upon by the *Carter* court, noted that a final judgment had been entered "and the time for appeal commenced on its entry despite the fact that the issue of attorney's fees remained open." More than a year later, liability for attorney's fees had been determined. *Echols* held that the order awarding attorney's fees was "interlocutory in nature," and the appellant was not "required to file its notice of appeal . . . until the amount of the award was determined and the [appellant's] motion to reconsider that judgment was denied." *Id.*

[7] *See also In re E.Q.B.*, 617 A.2d 199, 201 n.2 (D.C. 1992) ("Because a request for an award of fees and costs is entirely separate from a merits determination and is adjudicated independently of an underlying cause of action, challenges to [the court's fees and costs] orders are not properly before this court" because appellant failed to "note an appeal from those orders").